SOUTHERN MOTOR CAR CO. *et al. v.* PATTERSON *et al.*

(*Nashville*, December Term, 1934.)

Opinion filed Jan. 12, 1935.

ALBERT G. RILEY, of Memphis, for plaintiffs in error.

JOHN GALELLA and LEO GOODMAN, both of Memphis, for defendants in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is an action for an award of compensation for the death of Charles L. Patterson, an employee of the Southern Motor Car Company. The circuit court sustained the claim of the widow, but ruled that the other petitioners, nephew and mother-in-law of the employee, were not dependents.

The employer contends that the accidental death of Patterson was the result of his own willful misconduct, and therefore that no compensation should be awarded the widow. Such defense is authorized by the Code, section 6861.

Patterson was an automobile salesman, and at the time of his death was driving a new automobile, of the "heavy car" class, from Memphis to Coahoma, Mississippi, a distance of 55 or 60 miles, to deliver it to its

purchaser. He had with him his nephew, a boy of nine years, and three persons, man, wife, and child, he had picked up on the road. He had been driving rapidly, and was going at a speed of fifty miles an hour or more when the accident occurred. From the time he entered the state of Mississippi the road, graded for a state highway, was surfaced with gravel, and at the point of the accident holes worn in the surface had been filled with loose gravel. Patterson was approaching a curve when he struck this loose gravel, and an eyewitness, a civil engineer of the state highway department, testified that the left front wheel of the car hung in the loose gravel and slid, causing the rear end of the car to rise in the air, turning the car over on its top. Apparently Patterson had applied his brakes to reduce his speed for the curve when his left wheel struck the loose gravel. This witness testified that a speed of 40 to 45 miles an hour would have been safe on that road.

As reflecting on Patterson's consciousness of danger in the speed at which he was driving, his nephew testified that before the accident he said 80 miles an hour in the heavy car was the same as 40 miles in his own light car.

The trial judge's holding that Patterson was not guilty of willful misconduct in driving so rapidly on the gravel surface road imports his finding that Patterson was not conscious of danger, and there is evidence to support this finding. There is no evidence that he had encountered any holes filled with gravel, of the kind which caused the accident, until he reached the point where he was killed, and the accident seems to have resulted from a combination of the recently filled holes and the curve. Patterson was regarded as a safe driver,

and had with him, not only his small nephew, whom he was rearing, but the family he had picked up. These circumstances, as well as the statement above referred to, support the finding that he was not conscious of danger in the speed he was maintaining.

"Willful misconduct means something more than negligence. It carries the idea of deliberation and intentional wrongdoing." *Nashville, C. & St. L. Ry.* v. *Wright,* 147 Tenn., 619, 250 S. W., 903, 904. Whatever may be said as to whether Patterson was guilty of negligence in failing to anticipate the situation which resulted in the accident, we think the trial judge was justified in refusing to impute to him a deliberate or intentional wrongdoing or such heedlessness from which willfulness might be presumed or implied.

The employer further defended upon the ground that Patterson was guilty of willful misconduct, in that he was driving in violation of his employer's rule that no employee should drive in excess of 40 miles an hour. The evidence fails to show that this rule was ever made known to Patterson, as the trial judge found.

The employer offered a statute of Mississippi limiting the speed of automobiles to 40 miles an hour. There is, however, no evidence that Patterson knew of this statutory limitation, and the trial judge held that he was entitled to assume that the law of Mississippi was the same as the law of Tennessee, which contains no arbitrary speed limit. It is our view that Patterson's ignorance of the speed limit in Mississippi precludes a finding that his violation of it was willful misconduct.

We think, therefore, that the several assignments of error made by the employer and his insurer are without merit, and should be overruled.

■ For about a year prior to the date of Patterson's death, his household consisted of himself and his wife, his wife's nephew, Jack Grissom, age nine, and his mother-in-law, Mrs. Thorpe. The expenses of the household were paid primarily out of Patterson's earnings. Mrs. Thorpe had two sons who assisted her to some extent. The evidence tends to show that Mrs. Thorpe earned her keep by managing the household affairs, and that she was not a dependent of Patterson. There is nothing to show that the arrangement was otherwise than temporary. We think, therefore that the trial judge was justified in his finding that Mrs. Thorpe was not a dependent of Patterson.

■ Our conclusion is otherwise with respect to Jack Grissom. This boy had been taken by Patterson and his wife when an infant three weeks old, upon the death of his mother, and had lived with them continuously as a member of the family. The trial judge was of the opinion that Mrs. Thorpe, the child's grandmother, was supporting him, but in this holding we think he overlooked the fact that Mrs. Thorpe's residence with the Pattersons had been of recent origin, and that the child was reared by the Pattersons as their own, and would no doubt have remained with them had Mrs. Thorpe discontinued the association which existed at the date of Patterson's death.

It is our conclusion, therefore, that the judgment of the trial court should be modified so as to increase the amount of compensation awarded to the widow to the amount which the statute authorizes for a widow and one dependent child. This amount will be computed and judgment drawn by counsel, and submitted to the court. Costs will be adjudged against the employer.