BROWN *v.* BIRMINGTON NURSERIES *et al.*\*

(*Nashville,* December Term, 1937.)

Opinion filed June 11, 1938.

---

\*See Cordell v. Ky.-Tenn. Light and Power Co., p. 596, infra.

H. R. RATCLIFF, of Memphis, for petitioner.

ROBT. M. NELSON and SAM D. RHEM, JR., both of Memphis, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

An award of compensation was denied by the trial Judge and Brown appeals. The question is whether or not the trial Judge erred in holding, on the facts of the case, that the right to compensation was cut off by the employee's wilful misconduct, under Code section 6861.

Brown was a colored laborer in the employ of the appellee Company, which was doing work in Memphis calling for use of trucks and the hauling of material from a point in Arkansas. Brown worked with and on these trucks and made trips back and forth. At a point on the highway, crossing a bridge, while sitting on the bed of a truck, Brown's legs were caught and crushed between the side of the truck and the bridge work, and he was severely and permanently injured. The sides of the truck were down and Brown was seated on the floor, facing the side, with legs dangling.

There is abundant evidence sustaining the finding of the trial Judge that this was not only an obviously dangerous position in which to ride, but that Brown and other employees had been warned by others and instructed by the superintendent and by the driver of the truck

not to so ride. He persisted in so doing, despite these warnings and orders, and in the face of a danger which was obvious.

█ While the condition of petitioner evokes sympathy, and with full appreciation of the rule that the Compensation Act is to be construed liberally, we are constrained to agree with the trial Judge.

█ In repeated opinions this Court has distinguished the application of this section of the Act from mere negligence, however great. *Louisville & N. R. Co.* v. *Nichols,* 168 Tenn., 672, 80 S. W. (2d), 656, 98 A. L. R., 508; *Southern Motor Car Co.* v. *Patterson,* 168 Tenn., 252, 77 S. W. (2d), 446, and cases cited. Wilful misconduct connotes intentional misconduct, purposeful violations of established rules of safety and orders for protection from danger. While the danger in this case of the course of conduct, which resulted so disastrously to petitioner, was obvious and should have of itself warned petitioner for his own preservation, we do not rest the case there. We have here a deliberate, and we think quite apparently, intentional disregard of specific instructions of his superior's orders—not an intention to bring about his injury—that is not required by the statute,—but a wilful purpose to disregard instructions and substitute his own wish and judgment for that of his employers. The holding of this Court in *Nashville, C. & St. L. Ry.* v. *Coleman,* 151 Tenn., 443, 269 S. W., 919, is in point. That was a case of violation of a rule requiring the use of a safety appliance, to-wit, goggles, covered by another clause of Section 6861, but the construction there given of wilful refusal has application here to wilful misconduct. The refusal was there held to be wilful, as we think here the misconduct must be held to be wilful.

■ The employer is entitled to protection from liability when the employee wilfully refuses to observe reasonable rules and obey orders against dangerous practices. Such conduct must be held to be wilful misconduct, within the intent of this section of the Act.

Affirmed.