**INSURANCE COMPANY OF AMERICA, Appellant,**

v.

**Stephen L. HOGSETT, Appellee.**

Supreme Court of Tennessee.

Nov. 6, 1972.

Milligan, Hooper & Harris, Chattanooga, for appellant.

Duggan & McDonald, Chattanooga, for appellee.

## OPINION

CHATTIN, Justice.

This is an appeal from a decree awarding workmen's compensation benefits to appellee.

Appellee alleged in his petition for workmen's compensation benefits that on October 5, 1970, he was an employee of the Pepsi-Cola Bottling Company; and that while pursuing his duties as an operator of a forklift he was struck in the face by a Pepsi-Cola bottle from which he suffered severe and disabling injuries.

The Chancellor found the following facts:

"The Court finds that on the date in question, I believe was October 5, 1970, that some incidents occurred at the place of employment of this plaintiff, including which was an incident which the petitioner, in the presence of Mr. Cripps and Mr. Hill's son goosed Mr. Hill—by 'goosing,' we mean punch him in the ribs or something of that nature, causing him to react, reflex action, and he did that for the purpose of watching Mr. Hill react.

"The Court finds it was well known to petitioner and other employees that Mr. Hill was of this nature.

"The Court finds, too, that Mr. Hill warned petitioner on this occasion not to do that, 'especially if I have got something in my hand' he says, 'Don't do that,' and a few minutes later, apparently about five minutes later, the petitioner, while approaching Mr. Hill on his forklift goosed him again causing Mr. Hill, who still had the drink bottle in his hand, and reflex action, to come around

and lose control of the bottle and strike the petitioner in the mouth and broke four of his teeth.

"I find those to be the facts. The Court cannot believe the petitioner, that he was trying to get his attention; he was well within speaking distance of him; he could have been within three or four feet, he could have been heard. I find it's incomprehensible to believe three people, law-abiding citizens, would come in here, perjure themselves for no apparent reason. I just don't believe that. It don't believe petitioner's theory is the way it happened, but I don't know what the legal consequences are. I know we have had three or four cases in Tennessee involved so-called 'skylarking' or 'horseplay,' and I don't know that I have read one as flagrant as this one. He knew it was dangerous to do it. I don't know; I am going to read the cases, see what the law requires me to do. I will find the facts to be as I have indicated.

"Further, the Court finds there is no cosmetic defect suffered by petitioner, and that any event, all he gets on medical recovery is medical bills. There is no disability, didn't lose any time from work, had no permanent disability except for the loss of teeth, which have been corrected. That is the question, whether he was entitled to expenses for that. So, I will try to decide this later today, try to read those cases. That is the Court's finding."

Thereafter, the Chancellor filed a memorandum opinion in which he found appellee "in 'goosing' his fellow employee thereby resulting in injury to plaintiff was one 'arising out of and in the course of employment' and that it did not amount to wilful misconduct barring recovery."

A decree was entered granting appellee $1,314.00 for medical expenses.

Appellant has perfected an appeal and assigned as error the failure of the Chancellor to find from the facts the injury

arose out of the wilful misconduct of appellee; and that the accident did not arise out of his employment.

T.C.A. Section 50–910 provides:

"No compensation shall be allowed for an injury or death due to the employee's willful misconduct or intentional self-inflicted injury, or due to intoxication, or willful failure or refusal to use a safety appliance or perform a duty required by law. If the employer defends on the ground that the injury arose in any or all of the above stated ways, the burden of proof shall be on the employer to establish such defense."

The Chancellor relied on the cases of Ransom v. H. G. Hill Co., 205 Tenn. 377, 326 S.W.2d 659; Taylor v. Meeks, 191 Tenn. 695, 236 S.W.2d 969; and Webster v. Seven-Up Bottling Co., 211 Tenn. 8, 362 S.W.2d 244.

We are of the opinion those cases are not applicable to the facts of this case.

In the Ransom case, Ransom was a truck driver for H. G. Hill Company. Ransom's duties were to deliver merchandise to two stores in Nashville from a warehouse and on the return trip to haul trash from the stores to a dump, and then report to the warehouse for other work.

On the day of the accident, he was at the warehouse awaiting orders. There was ten or twelve drivers doing similar work in the yard awaiting orders.

In a playful mood Ransom grabbed the seat of the pants of a fellow employee as he was walking, and as a result, Ransom fell and injured his knee.

The issue in that case was whether he departed from his work when he grabbed the pants of his fellow employee.

This Court held the action of Ransom was not a departure from his work because he and the other employees were standing around in the yard awaiting for orders; and that at the time of the accident there

were no duties to be performed nor to be abandoned.

In Webster, Webster placed an open flame near a can of gasoline while on the employer's premises after working hours in the presence of the employer's sale manager who warned him against such action. As a result, Webster was severely burned.

The Court held Webster's action "was a wilful failure to follow a course of safety required by common sense and common knowledge in the handling of the dangerous agency of gasoline." Compensation was denied.

In the Taylor case, the employer operated a sawmill. He carried his employees to and from work in a truck. On the day of the accident the employees were riding home from the mill. Taylor was scuffling with another employee when an overhanging limb struck him in the eye.

This Court held, although Taylor had been instructed not to scuffle on the truck, the injury was not a wilful injury within the meaning of the statute. T.C.A. Section 50–910.

The record in this case shows Mr. Hill was appellee's superior. Appellee was, at the time of the injury, operating a forklift. A forklift is used to convey empty bottles from a delivery truck into the company's building and bottles of soft drinks to the truck for delivery.

The forklift, at the time of the injury, was traveling in reverse and as it passed Hill Appellee punched Hill in the ribs which caused him to unintentionally throw the bottle.

■ We are of the opinion the conduct of appellee in goosing Hill in the ribs on the occasion of the injury was wilful misconduct on his part.

"A study of the cases in which the defense has been asserted over the country unsuccessfully, shows that although what the employee did was prohibitive that his

acts were instinctive or thoughtless rather than intentional and deliberate and thus it does not comply or come within the willful rule. The term needs no further discussion because the word within itself signifies what is meant, that is, regardless of what an employee is told, he goes on 'hellbent for election' anyhow." Coleman v. Coker, 204 Tenn. 310, 321 S. W.2d 540 (1959).

In the case of Brown v. Birmingham Nurseries, 173 Tenn. 343, 117 S.W.2d 739 (1938), it is said:

"We have here a deliberate, and we think quite apparently, intentional disregard of specific instructions of his supervisor's orders—not an intention to bring about his injury—that is not required by the statute,—but a wilful purpose to disregard instructions and substitute his own wish and judgment for that of his employers.

\*   \*   \*   \*   \*   \*

"The employer is entitled to protection from liability when the employee wilfully refuses to observe reasonable rules and obey orders against dangerous practices. Such conduct must be held to be wilful misconduct, within the intent of the Act."

The Chancellor found appellee knew it was dangerous to "goose" Hill in the ribs.

Under the facts as found by the Chancellor, we are of the opinion the employer has shown the three elements, as deduced from the opinions of this Court, constituting wilful misconduct as contemplated by the statute and they are: (1) an intention to do the act, (2) purposeful violation of orders, and (3) an element of perversiveness. Coleman v. Coker, supra.

The Chancellor found appellee intentionally punched or goosed Hill in his ribs for no reason but to see his reaction therefrom and within five minutes after having been ordered not to do so.

We are of the further opinion the accident and injury did not arise out of the employment.

"If the accident arose out of the employment there must be a causal connection between the work required to be done and the resulting injury. In the present case there was no causal connection between the employee's injury and the work required to be done. Nothing in the work to be done by the employee required him to place an open flame over a container of gasoline just to demonstrate to some companions that the stuff won't burn."

Webster v. Seven-Up Bottling Co., 211 Tenn. 8, 362 S.W.2d 244 (1962).

"While recognizing that there is eminent and respectable authority on both sides of the question, we are of the opinion that the better view, particularly in light of previous decisions from Tennessee, which are discussed hereinafter, is that compensation should not be permitted unless the employee acts in some way for the benefit of or in furtherance of the interests of his employer, or pursuant to instructions given by the employer." Lennon Co. v. Ridge, 219 Tenn. 623, 412 S.W.2d 638 (1967).

Obviously, the accident and injury resulted from the act of appellee in "goosing" Hill in the ribs. His work did not require such on his part. In fact, it was contrary to an order of his foreman.

■ While this Court is bound by the findings of the Chancellor on questions of fact, whenever there is any evidence to sustain the findings, we are not bound by the conclusions drawn by the Chancellor from undisputed facts, and may reach a different legal conclusion from that of the Chancellor on the same findings of fact. Wilson v. Van Buren County, 196 Tenn. 487, 268 S.W.2d 363 (1954).

The decree of the Chancellor is reversed and the petition dismissed. Appellee will pay the costs.

DYER, C. J., HUMPHREYS and Mc-CANLESS, JJ., and WILSON, Special Justice, concur.