STATE *v.* RAGGHIANTI.

*(Jackson.* April Term, 1914.)

1 INTOXICATING LIQUORS. Nuisance. Injunction. Violation. Erroneous injunction.

Assuming that under Acts 2d Ex. Sess. 1913, ch. 2, sec. 4, relative to injunctions against nuisances consisting of the conducting, maintaining, or engaging in the sale of intoxicating liquors, a temporary injunction should not have been issued without notice to the defendant, an injunction issued without notice was merely erroneous, as a matter of procedure, and was not void or in excess of jurisdiction, and a violation thereof was punishable as a contempt. (*Post, pp.* 565-568.)

Acts cited and construed: Acts 1913, ch. 2.

Cases cited and approved: McHenry v. State, 16 L. R. A. (N. S.), 1063; Weaver v. Toney, 107 Ky., 419.

2. NUISANCE. Injunction. Violation. Erroneous injunction.

That a bill for an injunction against the maintenance of a nuisance brought in the name of the State did not allege that the State sustained any special injuries by reason of the nuisance was immaterial in a proceeding to punish a violation of the injunction as a contempt even if such an allegation was necessary. (*Post, pp.* 568, 569.)

3. INTOXICATING LIQUORS. Nuisance. Abatement and Injunction. Bill. Sufficiency.

Acts 2d Ex. Sess. 1913, ch. 2, authorizing injunctions restraining the continuance of a nuisance consisting of the carrying on of the sale of intoxicating liquors on a bill filed by citizens and free-holders or by the attorney-general or district attorney, changes with respect to the nuisances to which it relates, the rule that parties seeking to enjoin a nuisance must show special injury. (*Post, pp.* 568, 569.)

State v. Ragghianti.

Acts cited and construed: Acts 1913, ch. 2.

Cases cited and approved: Weidner v. Friedman, 126 Tenn., 677; Weakley v. Page, 102 Tenn., 179.                           .

4. **INTOXICATING LIQUORS. Nuisance. Injunction. Violations. Proceedings to punish. Petition for attachment.**
Where, upon a bill alleging that defendant was engaged in the sale of intoxicating liquors, a temporary injunction was issued enjoining defendant from further engaging in the sale of liquors, from moving or disturbing his stock of liquors and bar fixtures, or from entering the barroom of his building and interfering therewith, a petition for an attachment for contempt, charging that he had continued the sale of intoxicating liquors in willful disobedience of the injunction, showed a violation of the injunction; it is not being pretended that defendant supposed himself to be charged with selling liquors at any place other than his barroom.  (*Post, p.* 569.)

5. **INJUNCTION. Violations. Proceedings to punish.     Petition for attachment.**
Where defendant answered a petition for an attachment for contempt in violating an injunction by alleging various matters of excuse and avoidance, he could not attack the petition on appeal on account of its general averments and lack of specific allegations.  (*Post, pp.* 569, 570.)

6. **INTOXICATING LIQUORS. Nuisance. Injunction. Violation. Extent of punishment.**
Shannon's Code, sec. 5919, providing that, where not otherwise specially provided, the circuit court, chancery, and Supreme Court are limited to a fine of $50 and imprisonment for not exceeding ten days in punishing contempts, does not apply to violations of injunctions issued under Acts 2d Ex. Sess. 1913, ch. 2, relative to enjoining the business of selling intoxicating liquors, as that act provides that any person violating any injunction shall be imprisoned not less than thirty days nor more than six months and be fined not exceeding $50.  (*Post, p.* 570.)
129 Tenn. 36                         .

Acts cited and construed:   Acts 1913, ch. 2.

Code cited and construed:   Sec. 5919 (S.).

7. **INTOXICATING LIQUORS.**  **Constitutionality of acts.**   **Abatement and injunction.**

Acts 2d Ex. Sess. 1913, ch. 2, making the conducting, maintaining, carrying on, or engaging in the sale of intoxicating liquors, and all buildings, fixtures, etc., used for such purpose, public nuisances, subject to abatement thereunder, and authorizing injunctions restraining the continuance of such nuisances and closing the building or place where it is conducted, is constitutional.   (*Post, p.* 571.)

Acts cited and construed:   Acts 1913, ch. 2.

Case cited and approved:   State of Tennessee, *ex rel*, v. J. J. Persica *et al.*, 167 S. W., 689.

---

FROM SHELBY

---

Appeal from Chancery Court of Shelby County.—F. H. HEISKELL and FRANCIS FENTRESS, Chancellors.

ANDERSON & CRABTREE, for appellant.

FRANK M. THOMPSON, attorney-general, Z. N. ESTES, district attorney-general, and G. T. FITZHUGH, for the State.

MR. JUSTICE GREEN delivered the opinion of the Court.

This was a proceeding brought in the name of the State, on the relation of the district attorney-general, to abate as a nuisance the establishment of defendant

Ragghianti. It was alleged that he was engaged in the sale of intoxicating liquors at his place of business, and this bill was filed under the authority of chapter 2 of the Acts of the Second Extra Session of 1913, commonly known as the Nuisance Act.

The bill was filed on March 16, 1914, and in the second, third, and fourth paragraphs it was prayed that an injunction issue forbidding defendant from further engaging in the sale of liquors, from removing or disturbing the stock of liquors and bar fixtures, and forbidding him from entering the bar-room of his building and interfering with the stock of liquors or fixtures.

Before it was filed, the bill was presented to Chancellor Heiskell, who indorsed his fiat thereupon in the following language:

"To the Clerk & Master: File this bill and notify defendants that Chancellor Fentress and I will hear the within application for an injunction at 10 a. m. March 24th, 1914, and that pending the hearing of said injunction, they are enjoined as prayed in the second, third and fourth paragraphs of the prayer of the bill.

"This 16 day of March, 1914.

"F. H. HEISKELL, Chancellor."

The notice, the writ of injunction, copy of the bill, and subpoena were served on Ragghianti March 17th. Defendant did not answer, and there was no hearing on March 24th.

On April 3, 1914, the district attorney-general filed a petition alleging that defendant had violated the terms of the aforesaid temporary injunction and praying for an attachment for defendant that he might be punished for contempt. An attachment was issued; defendant was arrested and placed under bond for his appearance April 8th. On April 8th defendant appeared in person and filed an answer to the original bill, and also an answer to the petition averring him to be in contempt.

It is not necessary to set out the contents of either answer filed by defendant. The answer to the original bill was a general denial, and the answer to the petition for an attachment against his body consisted of various matters of excuse and avoidance. The whole case was heard before the chancellor upon oral testimony which has not been preserved in a bill of exceptions, and it is conceded by counsel for defendant that the proof offered was sufficient to sustain the judgment of the court.

The chancellors adjudged that defendant was guilty of willful violation of the temporary injunction aforesaid, and ordered that he be punished for such contempt by imprisonment in the county jail for three months, and that the cost of the proceedings be taxed to him. On the merits, the chancellors found him guilty of maintaining a nuisance, as averred, the temporary injunction was made perpetual, and defendant's stock, fixtures, and appurtenances were decreed

to be dealt with as provided in section 6 of the Nuisance Act.

The defendant has appealed and assigned as errors:

1. That the temporary injunction herein was null and void for the reason that it issued upon the *ex parte* application of the state without notice to defendant, as required by section 4 of the Nuisance Act.

It is insisted that the court below was without jurisdiction to issue this temporary injunction except upon notice to the defendant, under the provisions of the act, and that accordingly defendant was under no obligation to respect and obey this order of the court.

It is not necessary in this case to construe section 4 of chapter 2, Acts of 1913 (Second Extra Session), and to determine whether a defendant is entitled to notice prior to the issuance of a temporary injunction against him.

In this case the injunction was issued without notice, and was duly served upon the defendant. This court has said that a party so served with an injunction "is not allowed to speculate upon the equity of the bill, or the legality or regularity of the writ, but his simple duty is to obey." *Blair* v. *Nelson,* 8 Baxt., 1-5.

If it be conceded that, under a proper construction of the Nuisance Act, a defendant is entitled to notice of an application for temporary injunction, nevertheless the failure to give him such notice is merely an error in procedure on the part of the court. Such an error is procedural only and not jurisdictional. By the act

in question, the chancery court is clothed with authority to deal with nuisances, such as plaintiff's business is declared by the act to be, and of course the court had jurisdiction of the defendant. That is to say, the court below had jurisdiction of the subject-matter and of the person of defendant, and although the action of the court in issuing the temporary injunction may have been erroneous, as a matter of practice, it was by no means a void order which the defendant was at liberty to disregard, but was an order which the statute empowered the court to make. See note to *McHenry* v. *State,* 16 L. R. A. (N. S.), 1063.

Speaking of the issuance of temporary injunctions, after discussing the rules with reference to same, the supreme court of West Virginia said:

"Violation of these rules regulating the exercise of the jurisdiction does not, any more than any other case of erroneous decision, make the action of the court *coram non judice.* To grant such an injunction when the state of the case, tested by the rules established for the exercise of jurisdiction, does not warrant it is nothing more than judicial error. It is not an act in excess of jurisdiction." *Powhatan Coal & Coke Co.* v. *Ritz,* 60 W. Va., 395, 402, 56 S. E., 257, 260, 9 L. R. A. (N. S.), 1225-1229.

Mr. High days down the rule as follows:

"With whatever irregularities the proceedings may be affected, or however erroneously the court may have acted in granting the injunction in the first instance, it must be implicitly obeyed so long as it remains in

existence, and the fact that it has been granted erroneously affords no justification or excuse for its violation before it has been properly dissolved. . . . Upon proceedings for contempt in this class of cases, the only legitimate inquiry is whether the court granting the injunction had jurisdiction of the parties and of the subject-matter, and whether it made the order which has been violated, and the court will not, in such proceedings consider whether the order was erroneous." 2 High on Injunctions (4 Ed.), sec. 1416.

Mr. Joyce says:

"Unless an injunction order is void upon its face for lack of jurisdiction on the part of the judge who granted it, it must be obeyed, however erroneous the granting of it may have been, until it is dissolved on motion or appeal or some other method of direct review in the action in which it was granted." 1 Joyce on Injunctions, sec. 247.

So at most the action of the court in granting this temporary injunction, without notice, was a mere violation of a rule of procedure. The temporary injunction was not with respect to a matter and parties beyond the court's jurisdiction, and it was therefore not an order which the defendant was at liberty to disregard.

The authorities relied on by the defendant are not applicable to this case. The case of *Weaver* v. *Toney,* 107 Ky., 419, 54 S. W., 732, 50 L. R. A., 105, was one in which the temporary injunction granted without notice accomplished the whole relief obtainable in the

suit, and, had it been obeyed, the litigation would have ended. It was a mandatory injunction issued with reference to the holding of an election without notice, on the day before the election, and the day on which the defendants were required to answer was several days after the election had transpired. This injunction was therefore not one which effected a mere temporary stay with the reservation of the rights of the parties until they could be heard, but, as said before, it accomplished the whole purpose of the litigation. *Weaver* v. *Toney* is therefore readily distinguishable from the present case. It was no doubt decided correctly upon its facts, but the circumstances are here quite different. The temporary injunction here issued might have put the defendant to some inconvenience and slight pecuniary loss, but the subject-matter of the litigation was left open for future investigation and determination.

Defendant also cites section 1425 of High on Injunctions, which is merely to the effect that injunctions issued respecting elections, legislative action, and like matters, of which a court of equity has no jurisdiction, are void, and need not be obeyed. The cases referred to by Mr. High in this section are those in which the court lacked jurisdiction of the subject-matter.

It is further said on behalf of defendant that the State of Tennessee did not aver that it sustained any special injuries by reason of the nuisance, and was not entitled to an injunction. This is not material in

a contempt proceeding, but the rule that parties seeking an injunction against a nuisance must show special injury, formerly laid down by this court in *Weidner* v. *Friedman,* 126 Tenn., 677, 151 S. W., 56, 42 L. R. A. (N. S.), 1041, and *Weakley* v. *Page,* 102 Tenn., 179, 53 S. W., 551, 46 L. R. A., 552, is changed by chapter 2 of the Acts of 1913 (Second Extra Session), with respect to nuisances of the character described in the act. No such averment is now necessary.

Defendant also maintains that the petition for an attachment for contempt does not aver that defendant has been guilty of any act punishable under the provisions of the act in question. The petition for attachment charges that, since the issuance of the temporary injunction, the defendant has continued the sales of intoxicating liquors in willful disobedience of said injunction. He was enjoined from entering the barroom of his building. The averment of the petition was that he continued the sale of liquors in disobedience of the injunction, by which was meant that he entered his barroom and sold liquors. It was not pretended by defendant that he supposed himself to be charged with selling liquors at a place other than his barroom. He in fact admitted the sale of liquor there, and the consequent entry into those premises. His answer merely undertook to offer excuses for his conduct.

Whatever objection might originally have been made to the petition for attachment on account of its general averments, and lack of specific allegation, was

waived by the answer defendant filed. He cannot make such points now. The petition must be held to have charged that he entered and used his premises in violation of the preliminary injunction, and such a violation is an act punishable under the provisions of the statute.

The next assignment of error is that the chancellors exceeded their authority in fixing defendant's punishment at ninety days in prison. It is contended that the defendant is only punishable, if at all, under section 5919 of Shannon's Code, which section is as follows:

"The punishment for contempts may be fine or imprisonment, or both; but where not otherwise especially provided, the circuit, chancery, and supreme courts are limited to a fine of $50, and imprisonment not exceeding ten days, and all other courts are limited to a fine of $10."

Chapter 2 of the Acts of 1913 (Second Extra Session) fixes the punishment for violation of injunctions issued under its authority. Its provisions with respect to such violation are controlling, and it provides that upon conviction for contempt parties "shall be imprisoned in the county jail or workhouse not less than thirty days nor more than six months, and may also be fined not exceeding $50, at the discretion of the court." The punishment inflicted on this defendant therefore falls directly within the penalty prescribed by the statute.

State v. Ragghianti.

It is finally assigned as error that chapter 2 of the Acts of 1913 (Second Extra Session) is unconstitutional. The constitutionality of the act has been sustained by the court in the case of *State of Tennessee, ex rel., v. J. J. Persica et al.,* 167 S. W., —.

The judgment of the court below is in all things affirmed.