IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief February 17, 2006

## KEVIN MILLEN v. TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT

**Direct Appeal from the Chancery Court for Shelby County**
**No. 05-0665-2     Arnold B. Goldin, Chancellor**

---

**No. W2005-02688-COA-R3-CV - Filed April 18, 2006**

---

The Appellant filed a claim for unemployment benefits which was denied. Appellant petitioned for judicial review in the chancery court and that court affirmed the decision of the Board of Review. Appellant next appealed to this Court and we affirm the court below.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Kevin Millen, *Pro Se*.

Paul G. Summers, Attorney General and Reporter and Lauren S. Lamberth, Assistant Attorney General, for the appellee, James Neeley, Commissioner of the Tennessee Department of Labor and Workforce Development.

**OPINION**

The appellant, Kevin Millen, filed a claim for unemployment benefits with the Tennessee Department of Labor and Workforce Development (Agency). The Agency held that Mr. Millen was not eligible for benefits because he did not earn sufficient wages during the base period upon which the claim was based. He appealed the decision to the Agency's appeals tribunal which affirmed the Agency's initial determination. Mr. Millen appealed to the Agency's Board of Review (Board) which affirmed the appeal's tribunal decision.

Mr. Millen then petitioned for judicial review in the chancery court of Shelby County. That court affirmed the Board's decision and dismissed Mr. Millen's petition. Mr. Millen appealed that decision to this Court.

Mr. Millen was incarcerated in the federal prison system from October 2003 to August 4, 2004. While incarcerated he earned $359.39. After being released from prison, Mr. Millen began work at Freidman's jewelry store where he worked from November 15, 2004 to December 7, 2004. During this time he earned $1,086.39. He was fired from this position for failure to meet or exceed minimum performance standards.

Within thirty days after the decision of the board has become final, an aggrieved party may secure judicial review of the decision by filing a petition for judicial review in the chancery court of the county of the party's residence. However, a petition for judicial review of tax liability must be filed in the chancery court of Davidson County. Tenn. Code Ann. § 50-7-304(i)(1).

The chancery court's standard of review is set forth in Tennessee Code Annotated section 50-7-304(i)(2)(3) as follows:

> (2) The chancellor may affirm the decision of the board or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
> (A) In violation of constitutional or statutory provisions;
> (B) In excess of the statutory authority of the agency;
> (C) Made upon unlawful procedure;
> (D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (E) Unsupported by evidence that is both substantial and material in the light of the entire record.
> (3) In determining the substantiality of evidence, the chancellor shall take into account whatever in the record fairly detracts from its weight, but the chancellor shall not substitute the chancellor's judgment for that of the board of review as to the weight of the evidence on questions of fact. No decision of the board shall be reversed, remanded or modified by the chancellor, unless for errors that affect the merits of the final decision of the board. Such petition for judicial review shall be heard by the chancellor either at term time or vacation as a matter of right, any other statute of this state to the contrary notwithstanding.

Tenn. Code Ann. § 50-7-304(i)(2)(3)(2005).

The appeals tribunal made the following findings of fact and conclusions of law:

FINDINGS OF FACT: Claimant's most recent employment prior to filing this claim was Freidmans Jewelry as a salesman from November 15, 2004 until December 7, 2004. Claimant was discharged for allegedly having poor job performance and using profanity while at work. While employed, claimant earned a gross salary of $1,089.32. On December 17, 2004, claimant filed his claim for unemployment

benefits. The Agency determined claimant was monetarily ineligible. The Agency showed no wages earned in the base period. Prior to working for former employer, claimant was incarcerated at the Federal Bureau of Prisons. Claimant's incarceration was from October 2003 until August 4, 2004. Claimant earned $359.39 while incarcerated.

CONCLUSIONS OF LAW: The Appeals Tribunal holds that claimant is not eligible for benefits. The issue is whether claimant is monetarily eligible for benefits under T.C.A. § 50-7-301. The base period for claimant is July 1, 2003 until June 30, 2004. Claimant has only showed wages totaling $359.39. Claimant did not earn the required $780.01 within the last two quarters of the base period. Claimant has not met his burden to show monetary eligibility in the base period.

The Board found that the appeals tribunal correctly found the facts and applied the law and therefore adopted the findings of fact, conclusions of law and decision of the appeals tribunal. Mr. Millen does not dispute the facts.

The Board determined that Mr. Millen was not eligible for benefits because he did not have wages in the base period of the claim. The decision was based on Tennessee Code Annotated § 50-7-301 which provides in pertinent part:

(a) PAYMENTS OF BENEFITS. Benefits shall be payable from the fund in the manner hereinafter provided by this section. All benefits shall be paid through employment offices in accordance with such regulations as the commissioner may prescribe. Notwithstanding any other provision fo this law to the contrary, any amount of unemployment compensation payable to any claimant for any weeks if not an even dollar amount, shall be rounded to the next lower full dollar amount.

(b) WEEKLY BENEFIT AMOUNT. An individual's weekly benefit amount shall be the amount appearing in column B in the Benefit Table corresponding to the line on which in column A of the Benefit Table there appears the average total wages of insured work paid to such individual in the two (2) calendar quarters in the individual's base period in which such total wages are highest. "Total wages for insured work," as used in this section, is deemed to mean all remuneration paid to an employee in the base period by employers subject to this chapter.

Tenn. Code Ann. § 50-7-301(a)(b)(2005).

Section 50-7-301 includes a benefit table which establishes that an individual must have a minimum of $780.01 in the average wages paid in the highest two quarters of the base period of the claim in order to qualify for the minimum weekly benefit amount of $30 payable under the statute. Base period is defined in section 50-7-218 as follows:

"Base period" means the first four (4) of the last five (5) completed calendar quarters immediately preceding the first day of an individual's benefit year; provided, that if the first quarter of the last five (5) completed calendar quarters was included in the base period applicable to any individual's previous benefit year, such individual's base period shall be the last four (4) completed calendar quarters.

Tenn. Code Ann. § 50-7-218 (2005).

Mr. Millen filed his claim for benefits on December 13, 2004, which established his benefit year. Since his claim was filed the fourth calendar quarter of 2004, his base period was the last two calendar quarters of 2003 and the first two calendar quarters of 2004. It is undisputed that Mr. Millen earned $359.39 during this period.

As this Court stated in *Ford v. Traughber*, 813 S.W.2d 141 (Tenn. Ct. App. 1991):

If there is substantial evidence to support the decision of the Board of Review, the Board's decision is conclusive and the trial court's review shall be confined to questions of law. *Perryman v. Bible*, 653 S.W.2d 424, 429 (Tenn. Ct. App. 1983). This Court must apply the same standard as the trial court in reviewing the trial court's decision in an unemployment compensation case. *See Armstrong v. Neel*, 725 S.W.2d 953, 955 (Tenn. Ct. App. 1986).

Substantial evidence is "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Southern Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn. 1984) (citations omitted). Courts should not disturb a reasonable decision of any agency which has expertise, experience and knowledge in a particular field. *Id.*

*Id.* at 144.

Upon review of this record, we have determined that there is substantial evidence to support the decision of the Board of Review.

Mr. Millen appears to argue that it is unfair to utilize the wages he earned while incarcerated because of the minimal amount of compensation paid to incarcerated individuals. We reject this argument because the statute does not make such exceptions. The judgment of the chancery court affirming the Board of Review's decision is affirmed. The costs are taxed to the Appellant, Kevin Millen, and this cause is remanded for any further necessary proceedings.

_____
DAVID R. FARMER, JUDGE