# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### March 1, 2011 Session

## STATE OF TENNESSEE v. KEVIN MILLEN

**Direct Appeal from the Criminal Court for Shelby County**
**No. GS-01180     J. Robert Carter, Jr., Judge**

---

**No. W2010-02056-CCA-R3-CD  - Filed May 4, 2011**

---

The *pro se* defendant, Kevin Millen, appeals the order of the Shelby County Criminal Court affirming the Shelby County General Sessions Court's finding that he was guilty of contempt.  Following our review, we affirm the judgment of the criminal court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

Kevin Millen, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; William L. Gibbons, District Attorney General; and David Zak, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The record in this case, which is extremely sparse, does not include a transcript of the evidentiary hearing held by the criminal court.  For the background of the case we, therefore, must rely on the order of the criminal court, which states as follows:

> This cause came to be heard on Defendant's Appeal from an "Order of Contempt" filed July 20, 2010.

> The matter was heard in open court, de novo, based upon the original order from General Session[s] Court, the testimony of a witness, statements of counsel and upon all of the record.  The Defendant, after having been thoroughly advised of the risks, has again chosen to represent himself.

**FROM ALL OF WHICH THIS COURT FINDS:**

(1.)  The Defendant has a pending matter in General Session[s] Court in which he is charged with Disorderly Conduct.

(2.)  During the course of that matter, the Defendant, who represents himself, filed approximately (43) forty-three subpoenas of various elected officials in Shelby County, Tennessee, including the United States Congressman for the 9th Congressional District.

(3.)  The Defendant's matter was reset for trial for some reason, and the Defendant was specifically ordered by [the general sessions court] <u>not</u> to file subpoenas for these elected officials, since it had been determined that they were not fact witnesses to any fact in his case.

(4.)  The Defendant immediately proceeded to re-file the same forty-three (43) subpoenas.

(5.)  After notice, and a hearing, the Defendant was found to be in contempt and sentenced to ten (10) days in jail.

(6.)  In the hearing on this date, when asked whether she considered ten days necessary, [the general sessions court judge] indicated that she did so feel.

(7.)  The Defendant, after consulting with his appointed "elbow counsel," . . ., declined to offer any proof on his own behalf and stated that he wished to rely upon the "brief" he filed.

(8.)  After being advised that the brief would not be proof, but would only be considered as argument, he again asserted that he did not wish to put on proof or to testify.

(9.)  The brief in question seems to be the Defendant's attempt to explain his action[s], rather than denying or disputing that they occurred.

**IT IS THE OPINION OF THIS COURT:**

That the Defendant was the subject of a direct Court Order, and that the Defendant violated the Order.  If aggrieved, the proper remedy was Appeal – not willful violation.  The courts must be allowed to "maintain the integrity of

their order." "Even erroneous orders must be obeyed, at the risk of a contempt violation." State v. Sammons, 656 S.W.2d 862 at 869 [(Tenn. Crim. App. 1982)] citing State v. Ragghianti, 129 Tenn. 560, 167 S.W. 689 (1914).

**THEREFORE**, the decision of the General Sessions Court is affirmed, and the Defendant is found guilty of contempt beyond a reasonable doubt, and the original sentence is affirmed.

## ANALYSIS

The defendant contends that the general sessions court "heinously, viciously [and] maliciously put bogus charges on [him]," arguing that the order he was found guilty of violating was insufficiently clear, he was given no notice of the order, his alleged violation of the order was not volitional, and his actions did not involve any "wrongful intent," because he was merely attempting to exercise his due process rights by subpoenaing essential witnesses for his case. Because he has already served his ten-day jail sentence, the defendant requests that he be awarded monetary compensation for his wrongful imprisonment.

The State responds by arguing, *inter alia*, that the defendant has waived appellate review of his claim by his failure to provide an adequate record on appeal. We agree. It is the duty of the appealing party to prepare a fair, accurate, and complete record on appeal, see Tenn. R. App. P. 24(b), and when necessary parts of the record are not included, we must presume that the trial court's ruling was correct. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). We conclude, therefore, that the defendant has waived his claim by his failure to provide any meaningful record of what transpired in the lower court. Accordingly, we affirm the judgment of the trial court.

## CONCLUSION

We conclude that the defendant has waived appellate review of the trial court's actions by his failure to provide an adequate record on appeal. Accordingly, we affirm the judgment of the trial court finding the defendant guilty of contempt.

**PER CURIAM**