IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted On Briefs March 29, 2011

**KEVIN MILLEN**
**v.**
**SHELBY COUNTY DISTRICT ATTORNEY OFFICE**
**BILL GIBBONS, JOHN C. SORRELLS, JOHN CAMPBELL, AND ALL**
**WORKERS IN THE DISTRICT ATTORNEY OFFICE, KEVIN KEY, OTIS**
**JACKSON, ALL CLERKS IN THE 201 POPLAR AVENUE, JUDGE**
**KAREN MASSEY, JUDGE GWEN ROOKS, JOYCE AVERY, SIDNEY**
**CHISM, MIKE RITZ, GEORGE S. FLINN, MIKE CARPENTER, J.W.**
**GIBSON II, HENRI E. BROOKS, DIEDRE MALONE, JAMES M. HARVEY,**
**EDITH ANN MOORE, WYATT BUNKER, JOHN PELLICIOTTI, STEVE**
**MULROY, MARK WHITE, JOE TOWNS, JOHNNIE TURNER, BARBARA**
**WARD COOPER, KAREN CAMPER, LARRY MILLER, JEANNE**
**RICHARDSON, JOHN DEBERRY, LOIS DEBERRY, G.A. HARDAWAY,**
**MIKE KERNELL, A.C. WHARTON, STEVE COHEN, KRINER CASH,**
**GERALD DARLING, CAROL JACKSON, GERALD RILEY, CHARLIE**
**BROWN, J. GLASS, GOVERNOR BREDESEN, ATTORNEY GENERAL,**
**AND ALL OTHER WORKERS JANITORS, COMMISSIONERS, CLERKS,**
**JUDGES, ALL GOVERNMENTAL EMPLOYEES IN THE GREAT STATE**
**OF TENNESSEE**

Appeal from the Chancery Court of Shelby County
CH-10-2041-3   Kenny W. Armstrong, Chancellor

No. W2011-00303-COA-R3-CV - Filed July 29, 2011

This is an appeal from the dismissal of a complaint for failure to conform to the minimal pleading requirements of Rule 8 of the Tennessee Rules of Civil Procedure.  The plaintiff filed the instant lawsuit against numerous public officials.  The defendants filed motions to dismiss.  After review of the complaint, the trial court found that it was unintelligible and failed to meet the minimum pleading requirements of Tenn. R. Civ. P. 8.  The plaintiff appeals.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Plaintiff/Appellant Kevin Millen, Memphis, Tennessee, *pro se*.

Dedrick Brittenum and Pablo Adrian Varela, Memphis, Tennessee, for the Defendants/Appellees, Shelby County District Attorney, *et al*.

## OPINION

### FACTS AND PROCEEDINGS BELOW

Plaintiff/Appellant Kevin Millen ("Mr. Millen"), representing himself, filed a complaint on November 8, 2010, against numerous public officials. The named defendants included Defendant/Appellee Shelby County District Attorney General's Office and numerous named public officials, such as an assistant District Attorney General, court clerks, Shelby County commissioners, State of Tennessee legislators, the Mayor of the City of Memphis, the Governor of the State of Tennessee, and other categories of government workers, up to and including janitorial employees. Apparently, Mr. Millen's numerous interactions with law enforcement gave rise to his lawsuit.[1]

Mr. Millen's complaint contains numerous colorful assertions, largely arising out of the defendants' conduct as public officials. The allegations include, for example, purported conspiracies to murder Mr. Millen and incarcerate him without cause. It seeks several million dollars in monetary damages as well as injunctive relief. After filing his complaint, Mr. Millen filed several motions, including a motion to remove various public officials. Lengthy briefs were filed in support of his motions.

The State of Tennessee filed a response to Mr. Millen's pleadings, describing them as "so vague and nonsensical as to render a formal legal response impossible." The State averred

---

[1] Mr. Millen has represented himself in prior litigation. *See Millen v. Management Cleaning Controls*, No. W2008-02078-SCWCM-WC, 2009 WL 2461894 at *1 (Tenn. 2009); *State of Tenn. v. Millen*, No. W0210-02056-CCA-R3-CD, 2011 WL 1744278 at *1 (Tenn. Ct. App. May 4, 2011); *Millen v. Shelby Cty. Sheriff's Office*, No. W2010-01343-COA-R3-CV, 2010 WL 415007 at *1 (Tenn. Ct. App. Nov. 10, 2010) *perm. app. den'd.*; *Millen v. Tenn. Dept. of Labor & Workforce Development*, 205 S.W.3d 929 (Tenn. Ct. App. April 18, 2006) *perm. app. den'd*.

that Mr. Millen's pleadings "raise[] serious questions concerning the competency of [Mr. Millen] to represent himself or stand trial in this matter."

On November 9, 2010, Mr. Millen filed an amended complaint, styled similarly to the original complaint.[2] The allegations in the first amended complaint were also similar to those in the original complaint. The first amended complaint opens as follows:

> Comes, the petitioner, Kevin Millen, to show that the District Attorney Bill Gibbons and his staff plotted to attempt to murder me, Kevin Millen. . . . Their specific performance is to prosecute those that are guilty with evidence to show that a person is guilty. All the aforementioned had to take this oath of office before becoming the representative, which shows that they broke their oath. . . . The court kept me coming to court for nothing without any evidence. I went before two different judges, Karen Massey and Gwen Rooks. Why would my brief be vague and nonsensical, when it shows how the grumps or security guards jumped me? They should be incorporated in this as well. The court system from the clerks to the judges prosecuted me without any evidence and incarcerated me for nothing. The District Attorney Bill Gibbons and all the staff in the District Attorney Office should be looked at thoroughly because this is an attempted murder.

The amended complaint included several allegations against a member of the United States Congress:

> Another question each individual needs to ask oneself is why [Congressman] Steve Cohen would vote for a bill that will accept money from terrorist who are trying to plot to overtake the United States. If you would accept the money, then you might accept money to help them come to Memphis and set up shop to overthrow the Memphis Government. Didn't he allow the people to heinous attempt to murder me and try to put a bill to help the urban sector? This is one

---

[2]Mr. Millen appears to have filed additional amended complaints on December 1 and December 20, 2010. The amended complaints contain substantively the same allegations against the above-mentioned parties. However, there is no order in the file permitting Mr. Millen to file further amendments to his complaint. Rule 15.01 of the Tennessee Rules of Civil Procedure provides: "A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served. . . .Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court." Because Mr. Millen filed the first amended complaint prior to any responsive pleading being served, he did not have to obtain leave of court to file it. He did not, however, obtain leave of court to file the subsequent amended complaints. Therefore, we consider the first amended complaint to be the operative complaint in this appeal.

of those things that make you say, "Why is Steve Cohen making Memphis look so stupid for muslims?"

The amended complaint sought several million dollars in damages each from numerous defendants, including then-District Attorney General William Gibbons and staff; Shelby County Criminal Court Clerk Kevin Key and his entire staff; Shelby County General Sessions Court Clerk Otis Jackson and his entire staff; Memphis City Schools Superintendent Kriner Cash; Judge Karen Massey; Judge Gwen Rooks; Congressman Cohen, City of Memphis Mayor A.C. Wharton; and various county commissioners and state legislators. Mr. Millen's first amended complaint concludes:

> Now how am I criminally responsible for a crime that I did not commit? I have been maliciously prosecuted for a crime were all the Memphis City Schools had to do is show the video tape. . . . Is the District Attorney choosing which people they going to prosecute to full extent of the law? Memphis City Schools had a woman steal over $500.00 and just pay it back. But anyone else who steals from a store would get prosecuted to full extent of the law, jail time my friends, family, enemies.

The various defendants filed answers to the amended complaint. They also filed motions to dismiss and for summary judgment, alleging numerous bases for dismissal, including, *inter alia*, that the amended complaint fails to state a claim upon which relief can be granted.

Mr. Millen filed lengthy responses to the allegations in the defendants' motions to dismiss and motions for summary judgment. Ultimately, on January 7, 2011, the trial court held a hearing on the motions to dismiss or for summary judgment. Mr. Millen was present, as well as defense counsel. After reviewing the amended complaint in detail, the trial judge issued the following oral ruling from the bench:

> But gentlemen, I mean, I've looked at this, and Mr. Millen, you know, I can't figure out what's going on. You know, your Complaint, I think, literally, can best be described as being incomprehensible and unintelligible. I don't know what it's about. I mean, your Complaint doesn't even begin to meet the minimal filing of pleading requirements of Rule 8. I mean, you name a whole bunch of parties as defendants, and then you-- yet, you failed in your Complaint to set out any facts against these parties that would make out any claim. You know, we could sit here all day but I'm not inclined to do that. I think your complaint is legally deficient.

The trial court admonished Mr. Millen that pleadings must "be detailed enough so that we can see what the facts are that support any claim that you made," and issued an oral ruling, granting the motions and dismissing Mr. Millen's complaint.

On January 28, 2011, the court entered a written order dismissing the complaint. The written order states: "This Court finds that the Complaint can best be described as being incomprehensive and unintelligible. The Complaint does not even begin to meet the minimal filing of pleading requirements of Rule 8." A transcript of the trial court's January 7, 2011 oral ruling was attached to the written order. Mr. Millen now appeals.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Mr. Millen asserts that the trial court erred in dismissing his complaint. The "issues" raised on appeal have been carefully reviewed by this Court; they are essentially a recitation of allegations similar to those in Mr. Millen's complaint. We perceive that the issue for our review is whether the trial court erred in granting the defendants' motions to dismiss Mr. Millen's first amended complaint on the basis that the complaint fails to state a claim upon which relief can be granted, and that it is incomprehensible, unintelligible and fails to meet the minimum pleading requirements of Rule 8 of the Tennessee Rules of Civil Procedure.

The standard of review for dismissal under Rule 8 of the Tennessee Rules of Civil Procedure was recently outlined by our Supreme Court. The Court stated:

> When a complaint fails to comply with Rule 8, it is subject to dismissal by grant of a motion to dismiss for failure to state a claim upon which relief can be granted, as provided by Tennessee Rule of Civil Procedure 12.02(6). The standards by which our courts should assess and dispose of a Rule 12.02(6) motion to dismiss are well-established . . . .
>
> A Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone.
>
> * * *
>
> In considering a motion to dismiss, courts " 'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.' "

*　*　*

We review the trial court's legal conclusions regarding the adequacy of the complaint *de novo*.

*Webb v. Nashville Area Habitat for Humanity, Inc.*, _ __S.W.3d ___, No. M2009-01552-SC-R11-CV, 2011 WL 2905584, at *2-3 (Tenn. 2011) (citations omitted).

## ANALYSIS

In his appellate brief, Mr. Millen continues the accusations and assertions made in his trial court pleadings:

> That the city's custom was the "moving force" or direct causal link in the constitutional deprivation  This is the reasoning for the heinous attempted murder because they thought they would be able to beat me with the government to try to make me seem weak like them.  The d.a. would not take the arrest warrant, affidavit of complaint, and judgment sheet. They heinously put me jail. They tried to justify the incarceration setting.  We can look at the case of State vs Ragghianti 129 Tenn. 560. I do not want the judge to think that I am a nuisance, so that their will not be any incarceration setting.  In the movie, "Menace II Society" the people in that picture would be considered nuisances. I (Kevin Millen) am using the court system to enhance the minds of the youth and also defend my intellectual mind, T.C.A. 39-11-612, which shows I (Kevin Millen) should not be looked at as a Straight Up Menace II Society.  ***I am not a nuisance***.

(emphasis in original).  Specifically, Mr. Millen appears to take issue with his incarceration and with the actions of several elected officials.  He asserts:

> The people have been taking great advantage of my family, and made my family go against the one whom would have stood up for them in the fight for American Justice.  I will say the All American Family will not go down without a fight.  The fight is with the legislation that has hampered numerous people involved with the governmental system.  I believe that Tennessee doesn't want a ***Black Republican Senator***, but this is what is needed to help my entire family.  I believe if the next Governor doesn't straighten it all out, ***Kevin Millen will win Senator of the State of Tennessee. I am announcing my win of the State of Tennessee today for the next election.***

-6-

(emphasis in original).

The dismissal of Mr. Millen's amended complaint was based in part on the trial court's finding that it failed to state a claim upon which relief can be granted pursuant to Rule 12.02 (6) of the Tennessee Rules of Civil Procedure. Rule 12.02(6) provides:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third-party claim shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing. . . (6) failure to state a claim upon which relief can be granted.

TENN. R. CIV. P. 12.02(6).

The trial court also found that the amended complaint failed "to meet the minimal filing of pleading requirements of Rule 8." Rule 8 of the Tennessee Rules of Civil Procedure contains the general rules of pleading. It provides in pertinent part:

> Rule 8.01. Claims for Relief
>
> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks.
> * * *
> Rule 8.05. Pleading to be Concise and Direct . . . .
>
>> (1) Each averment of a pleading shall be simple, concise and direct.

TENN. R. CIV. P. 8.01, 8.05(1). Thus, "Tennessee Rules of Civil Procedure 8.01 and 8.05 require parties to plead their claims in short, plain, simple, concise, and direct language." *Sanford v. Waugh & Co., Inc.*, 328 S.W.3d 836, 848 (Tenn. 2010). The requirements in Rule 8.1 "are simple and non-technical." ROBERT BANKS, JR. & JUNE F. ENTMAN, TENNESSEE CIVIL PROCEDURE § 5-4(1) (3d ed. 2009).

In *Webb*, the Court explicitly recognized the limitations of "assessing the sufficiency of a single document filed at the very beginning of a case – the complaint." *Webb*, 2011 WL 2905584, at *13. The pleading rules, and in particular Rule 8, have been construed "so as to minimize the role of pleadings in civil litigation and to de-emphasize technicalities in favor

of decisions on the merits." BANKS & ENTMAN, TENNESSEE CIVIL PROCEDURE § 5-4(a) (3d ed. 2009).

The pleading rules are applied with somewhat more lenity to pleadings filed by self represented litigants:

> The courts give *pro se* litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d at 227; ***Paehler v. Union Planters Nat'l Bank, Inc.***, 971 S.W.2d at 397. Accordingly, we measure the papers prepared by *pro se* litigants using standards that are less stringent than those applied to papers prepared by lawyers. ***Hughes v. Rowe***, 449 U.S. 5, 9-10, 101 S. Ct. 173, 176, 66 L.Ed. 2d 163 (1980); ***Baxter v. Rose***, 523 S.W.2d 930, 939 (Tenn. 1975); ***Winchester v. Little***, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998).

***Hessmer v. Hessmer***, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003). We must, however, "be mindful of the boundary between fairness to a *pro se* litigant and unfairness to the *pro se* litigant's adversary." ***Id.*** at 903. Thus, self-represented litigants are not excused "from complying with the same substantive and procedural rules that represented parties are expected to observe." ***Id.*** (citations omitted).

The Supreme Court in ***Webb*** clarified the standard for evaluating a complaint under Rule 8. The Court noted the current interpretation of Rule 8 of the Federal Rules of Civil Procedure, the federal counterpart of Tenn. R. Civ. P. 8. ***Webb***, 2011 WL 2905584, at *6. In particular, the ***Webb*** Court considered whether to adopt the "*Twombly/Iqbal* plausibility pleading standard" articulated in ***Bell v. Atlantic Corp. v. Twombly***, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and ***Ashcroft v. Iqbal***, ___ U.S. ___,129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). ***Webb***, 2011 WL 2905584, at *1, 6. After extensive analysis, the ***Webb*** Court decided to reject the *Twombly/Iqbal* plausibility pleading standard and continue to adhere to the "notice pleading standard" long utilized by Tennessee courts:

> Under Tennessee Rule of Civil Procedure 8, Tennessee follows a liberal notice pleading standard, ***see Leach***, 124 S.W.3d at 92–93, which recognizes that the primary purpose of pleadings is to provide notice of the issues presented to the opposing party and court. ***Abshure v. Methodist Healthcare–Memphis Hosps.***, 325 S.W.3d 98, 103 (Tenn. 2010); *see also* ROBERT BANKS, JR. & JUNE F. ENTMAN, *Tennessee Civil Procedure* § 5–4(a) (3d ed. 2009) ("The essential function of the pleadings is simply to give notice of a claim or defense. History, as Professors Wright and Miller point out, has shown that the pleadings cannot

successfully do more.") (footnotes omitted). Our state's notice pleading regime is firmly established and longstanding; this Court recognized well before the Tennessee Rules of Civil Procedure were adopted that "[t]he object and purpose of any pleading is to give notice of the nature of the wrongs and injuries complained of with reasonable certainty, and notice of the defenses that will be interposed, and to acquaint the court with the real issues to be tried." *Hammett v. Vogue, Inc.*, 179 Tenn. 284, 165 S.W.2d 577, 579 (Tenn. 1942).

To be sufficient and survive a motion to dismiss, a complaint must not be entirely devoid of factual allegations. Tennessee courts have long interpreted Tennessee Rule of Civil Procedure 8.01 to require a plaintiff to state " 'the facts upon which a claim for relief is founded.' " *Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986) (quoting *W & O Constr. Co. v. City of Smithville*, 557 S.W.2d 920, 922 (Tenn. 1977)). A complaint "need not contain detailed allegations of all the facts giving rise to the claim," but it "must contain sufficient factual allegations to articulate a claim for relief." *Abshure*, 325 S.W.3d at 103–04. "The facts pleaded, and the inferences reasonably drawn from these facts, must raise the pleader's right to relief beyond the speculative level." *Id.* at 104. Thus, as we observed in *Leach*,

> "While a complaint in a tort action need not contain in minute detail the facts that give rise to the claim, *it must contain direct allegations on every material point* necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested ... by the pleader," *or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial*

> 124 S.W.3d at 92 (quoting *Donaldson v. Donaldson*, 557 S.W.2d 60, 61 (Tenn. 1977)) (alteration in original); *accord Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 399 (Tenn. 2002). Moreover, courts are not required to accept as true assertions that are merely legal arguments or "legal conclusions" couched as facts. *Riggs v. Burson*, 941 S.W.2d 44, 47–48 (Tenn. 1997).

*Id.* at *3-4, 6. (emphasis in original). Thus, the law in Tennessee remains that the "essential purpose of a pleading is to give notice of the issues to be tried so that the opposing party will be able to prepare for trial." *Abshure v. Methodist Healthcare-Memphis Hospitals*, 325

S.W.3d 98, 103 (Tenn. 2010) (citing ***Keisling v. Keisling***, 92 S.W.3d 374, 377 (Tenn. 2002); ***Potter v. Andrews***, 182 Tenn. 671, 677, 189 S.W.2d 580, 582 (1943).

An arsenal of tools is available to a trial court faced with an inartfully drawn complaint. These tools include:

> (1) a motion to strike setting forth in detail those matters which a defendant deems to be inappropriate; (2) a motion for a more definite statement setting forth in detail those matters which a defendant deems confusing; (3) a pretrial conference for the purpose of delineating those issues with respect to which proof may be adduced; and (4) an order by the trial court mandating a withdrawal of all pleadings with the direction that counsel plead anew.

***Collier v. Federal Land Bank of Louisville***, No. 87-150-II, 1987 WL 18379, at \*3 (Tenn. Ct. App. Oct. 14, 1987) (*perm. app. den.* Dec. 4, 1989). ***See also H. H. Luttrell and Associates v. Bank of Quitman***, 559 S.W.2d 942, 943 (Tenn. 1978).

In some cases, however, such remedies are not adequate to the task. The Court was confronted with such a circumstance in ***Collier v. Federal Land Bank of Louisville***, cited *infra*. In ***Collier***, the trial court was presented with "a complaint consisting of eighty-four pages, along with 131 pages of exhibits," all of which were "confusing at best." ***Collier***, 1987 WL 18379, at \*4. The Court agreed with the description of the complaint offered by counsel for the hapless defendant:

> [T]he complaint is a conglomeration of facts, legal arguments, conjecture, grandiloquent expressions, rhetorical questions, verbiage, impertinence, redundancy, immateriality, scandalous matter, innuendos, character assassination, and affirmative defenses to unasserted claims.

***Id.*** The appellate court was reluctant to dismiss the complaint for failure to state a claim upon which relief can be granted, observing: "The complaint in this case may state a cause of action. We would, in fact, hazard a guess that it does since it would be well nigh impossible to ramble on for eighty-four pages without somewhere in it stating a cause of action." ***Id.*** It found, however, that dismissal for failure to comply with Tenn. R. Civ. P. 8 was appropriate, The Court explained:

> [W]e do not conceive it to be the duty of the trial court or defense counsel, or this Court, to sift through the complaint in this case, and rewrite plaintiffs' complaint so that it complies with Rule 8, Tenn. R. Civ. P.

The Supreme Court in **H. H. Luttrell** stated: "It is not the function of an appellate court to attempt to unravel pleadings in a vain effort to ascertain the precise issues in controversy. Nor is justice served by speculation as to the nature of the action." 559 S.W.2d at 942, 943.

*Id.* (quoting **H. H. Luttrell & Associates v. Bank of Quitman**, 559 S.W.2d 942, 943 (Tenn. 1978)). The appellate court then affirmed the trial court's dismissal of the complaint for failure to comply with the rules of pleading in Tenn. R. Civ. P. 8. *Id.* at *4.

Similar to **Collier**, the amended complaint in this case may best be described as a stream-of-consciousness series of rants and accusations. At the hearing with Mr. Millen, the trial court obviously concluded that to attempt a remedy such as requiring Mr. Millen to provide the defendants a more definite statement of his claims would be an exercise in futility, and we agree. Mr. Millen's complaint in no way meets the requirements of Tenn. R. Civ. P. 8. Therefore, after reviewing *de novo* the trial court's legal conclusion regarding the adequacy of Mr. Millen's amended complaint, we find no error in the trial court's dismissal of Mr. Millen's lawsuit in its entirety.

### CONCLUSION

The decision of the trial court is affirmed. Costs on appeal shall be taxed to Kevin Millen, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE