LOUISVILLE & N. R. Co. *v.* NICHOLS.

(*Nashville,* December Term, 1934.)

Opinion filed April 6, 1935.

Ed. T. Seay and A. W. Stockell, both of Nashville, for plaintiff in error.

Pitts, McConnico & Hatcher and John H. Lechleiter, all of Nashville, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

Working as a locomotive fireman, Nichols was seriously injured by the giving way of the cab apron. He recovered a judgment, affirmed by the Court of Appeals, of $15,000. It appeared, and was so found by the Court of Appeals, that the freight train was engaged at the time of the accident in an intrastate transaction, and that both employer and employee were working under the Tennessee elective Workmen's Compensation Law (Code 1932, sec. 6851, et seq.). It, however, also appeared that the injury resulted from a violation by the railroad of the Federal Safety Appliance Act (45 USCA, sec. 1, et seq.), and the trial court held, affirmed by the Court of Appeals, that the injured workman was not bound by the Compensation Law, but could pursue his common law remedy. It is of this holding which petitioner railroad complains.

Upon a review of the authorities cited by the Court of Appeals, this court originally denied the writ, but within a few days thereafter, on April 2, 1934, the United States Supreme Court handed down its opinion in the case of *John L. Gilvary* v. *Cuyahogo Valley Railway Co.*, 292 U. S., 57, 54 S. Ct., 573, 78 L. Ed., 1123, wherein that court for the first time passed on the question, holding the remedy of a switchman injured in Ohio as the

result of a violation of the Federal Safety Appliance Act to be under the Compensation Law of that state, the train being engaged in an intrastate movement, and both employer and employee having contracted to work under the state Compensation Law. On petition to rehear, this court granted the writ of *certiorari*, and the case has been argued.

■ While a plausible argument is presented in an effort to distinguish the case before us from the Gilvary Case, we are constrained to the conclusion that no determinative distinction exists. In both Ohio and Tennessee the Compensation Law is elective, rather than compulsory. While under the Ohio law the election to work under the statute is required to be exercised in a more directly affirmative form, the result is the same, the same voluntary contractual relationship is established, binding both parties.

As stated by counsel for Nichols, it was held in the Gilvary Case that there was nothing in the agreement to operate under the Workmen's Compensation Law repugnant to the Federal Safety Appliance Act, "and that the parties, having a right to enter into such an agreement, were bound by it." We are unable to see why this is not equally true of the contract between Nichols and the railroad. They would appear to be equally bound.

In *Scott* v. *Nashville Bridge Co.*, 143 Tenn., 86, 223 S. W., 844, 852, after noting that the Compensation Act "confers rights and remedies that were unknown to the common law," the opinion proceeds: "The act is elective. If the employee accepts the provisions of the act, it thereby becomes a part of his contract of employment, and he waives his right to trial by jury and accepts the compensation and remedies provided by the act." It was

said further in that opinion: "The act being optional and not compulsory, plaintiff's contention that it deprives him of a remedy given him by due course of law is not tenable. It is true that the remedy which he had prior to the passage of the act, that is, the common-law remedy, has been taken away, but this the Legislature had the power to do, as was ruled by this court in *Nance* v. *Piano Co.*, 128 Tenn., 1, 155 S. W., 1172, Ann. Cas., 1914D, 834."

And see *Smith* v. *Van Noy Interstate Co.*, 150 Tenn., 25, 262 S. W., 1048, 35 A. L. R., 1409, wherein it was held that under the Tennessee act the relation is contractual and the terms of the act are to be read into every contract of service and that the act affords an exclusive remedy.

It is also insisted for Nichols that his case is taken out of the Workmen's Compensation Act because the railroad, by its violation of the Federal Safety Appliance Act, had subjected itself to a penalty, and application of section 6860 of the Code is invoked, reading: "Nothing in this chapter shall be construed to relieve any employer or employee from penalty for failure or neglect to perform any statutory duty."

The argument seems to be that, by way of enforcement of a "penalty" for having failed to perform a duty enjoined by a federal statute, the railroad company must be denied the right to rely upon the Compensation Act. We are unable to give the section relied on this application. The "penalty" referred to in the section quoted, from which no employer or employee is relieved by anything "in this chapter," is the penalty prescribed in the statute which may have been violated in any given case. If the Legislature had intended to declare by way

of penalty a forfeiture of the contractual rights or obligations of the parties under the Compensation Act, it would have said so. What was apparently meant was that nothing in the act should be construed as relieving an offending party from the payment or enforcement of that penalty fixed by any statute of the state. Penalties are provided, in varying amounts, in numerous sections of the Code for failure to provide toilet facilities (section 5311), fire escapes (section 5361), danger signals and safety lamps (section 5612), adequate openings in mines (section 5627), etc. Other sections require inspections (section 5556), a certified mine foreman (section 5590), or prescribe sanitary precautions (section 6613). Illustrations could be multiplied of the class of "statutory duty" from the performance of which the Legislature took the precaution to declare "nothing in this chapter shall be construed to relieve any employer or employee from penalty for failure or neglect to perform." It is said that in many other jurisdictions the Compensation Law provides for added liabilities against the employer, when the employee is injured by reason of willful misconduct of the employer, or failure to comply with requirements prescribed for the safety of the employee. But the Tennessee act contains no such exceptional provisions, and the courts may not so legislate.

Looking to the context, the section relied on, above quoted, immediately follows a section (section 6859) expressly and explicitly enacting that the remedies provided by this act "shall exclude all other rights and remedies of such employee." And it is immediately followed by a section (section 6861) which deals with and declares the effect of "willful failure or refusal to use a safety appliance or perform a duty required by law."

However, the Legislature does not, when dealing with this identical subject, provide that the employer's "failure" would suspend his right to make settlement for the resultant injury under the Compensation Law, but, on the contrary, relieves the employer altogether from liability to the offending employee. Furthermore, in the following sections (6862, 6863, 6864), the general subject of the rights and obligations of the parties under the Compensation Act and the common law, respectively, are dealt with in detail, and no intimation is therein found of an intention to reinstate the right to a common-law action by way of penalty for failure to perform any statutory duty.

It is argued that, since the act (section 6861) cuts off the employee from recovery when the injury is due to the "willful misconduct . . . or willful failure or refusal to use a safety appliance or perform a duty required by law," a like rule should be applied to the employer; that "it is a poor rule that does not work both ways." If it were in the power of the courts to so reverse this statutory provision, in the absence of legislative authority, it should be noted that this section is limited in application to "willful failure or refusal." The record before us shows no element of "wilfulness;" that is, "intentional." See *Moore* v. *Cincinnati, etc., R. Co.*, 148 Tenn., 561, 256 S. W., 876; *Ezell* v. *Tipton*, 150 Tenn., 300, 264 S. W., 355; *Hughes* v. *Elliott*, 162 Tenn., 188, 35 S. W. (2d), 387; *Nashville, etc., Railway* v. *Wright*, 147 Tenn., 619, 250 S. W., 903; *Nashville, etc., Railway* v. *Coleman*, 151 Tenn., 443, 269 S. W., 919. Moreover, this argument overlooks the fact that this section, depriving the employee of the right to relief under such circumstances under the act, neither provides for or con-

templates a recovery independent of the Compensation Act. It states and deals with a situation in which the injured party could not recover in any form of action.

Convinced that the case before us is controlled by the decision of the United States Supreme Court on this federal question, despite the hardship resulting, we are constrained to reverse and dismiss.