## Hammett *v.* Vogue, Inc., *et al.*

### (*Knoxville,* September Term, 1942.)

Opinion filed November 7, 1942.

J. Hamilton Cunningham and W. A. Wilkerson, both of Chattanooga, for plaintiff in error.

Cantrell, Meacham & Moon, of Chattanooga, for defendants in error.

Mr. Justice Neil delivered the opinion of the Court.

The plaintiff brought suit in the Circuit Court of Hamilton County to recover damages for personal in-

juries against the defendant, The Vogue, Inc., and one O. T. Draewell. It appears from the declaration that the suit arose out of an alleged assault and battery committed by Draewell, the manager of the department store. The plaintiff recovered a judgment for $2,000 against both the defendants, which was reduced by the trial court to $500, a *remittitur* of $1,500 being suggested and accepted by the plaintiff. A motion for a new trial was made and overruled. Thereupon the defendants made a motion in arrest of judgment upon the ground that the declaration did not state a cause of action, that said declaration showed that both plaintiff and defendant were subject to the provisions of the Workmen's Compensation Law, Code 1932, section 6851 et seq., and that said act afforded a remedy that was exclusive. When the declaration was filed the defendants pleaded the general issue of not guilty; whereupon, plaintiff moved the court to "require defendants to plead their defenses specially." The motion was granted and defendants filed their special pleas. It is important to note that they did not specially plead that if plaintiff had a right of action it would not lie under the common law but solely and exclusively under the provisions of the Workmen's Compensation Law. The trial judge sustained the motion in arrest of judgment as to The Vogue, Inc., and overruled it as to O. T. Draewell. Plaintiff has appealed to this court and assigned the following errors: (1) The trial judge committed prejudicial error in finding and holding that the plaintiff's declaration stated a cause of action against the defendant, The Vogue, Inc., under the Workmen's Compensation Law; (2) the trial court committed prejudicial and reversible error in finding and holding that the defense of the Workmen's Compensation Law on behalf of the defendant The Vogue,

Inc., did not have to be specially pleaded as a matter of affirmative defense and could be raised for the first time by motion in arrest of judgment; (3) the trial court committed prejudicial and reversible error in sustaining the motion in arrest of judgment on behalf of the defendant The Vogue, Inc., and in arresting the judgment against the defendant.

The defendant O. T. Draewell appealed from the action of the trial judge in overruling the motion in arrest of judgment as to him and has assigned it as error.

It is first contended by The Vogue, Inc., that the declaration is broad enough to allege a cause of action under the Workmen's Compensation Law, and, since both employer and employee are presumed, under the statute, to be operating under said act, that plaintiff had no cause of action under the common law, and therefore her declaration alleging assault and battery did not cover an existing right; that defendant was not required to plead the act specially as an affirmative defense.

Conceding that the declaration shows that the defendant had more than five persons in its service at the time plaintiff was assaulted by Draewell; that as a matter of fact it was an accident under the statute, as construed by this court in *Early-Stratton Co.* v. *Rollison,* 156 Tenn., 256, 300 S. W., 569, the only question presented for consideration and determination is, whether or not the defendant must plead specially the Compensation Act as an affirmative defense. The question is one of first impression in this State. Our Compensation Law, Code, section 6853, is elective and declares that "every employer and every employee except as herein stated, shall be presumed to have accepted the provisions of this chapter respectively to pay and accept compensation," etc. Section 6859 of the Code declares:

"Remedy excludes all other rights and remedies.— The rights and remedies herein granted to an employee subject to this chapter on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death."

It cannot be doubted that said act is both elective and contractual. *Leonard* v. *Cranberry Furnace Co.,* 150 Tenn., 346, 265 S. W., 543; *State ex rel. Brewen-Clark Syrup Co.* v. *Compensation Comm.,* 320 Mo., 893, 8 S. W. (2d), 897. "It becomes a part of every contract of employment falling within its purview when, and only when, it is accepted by both employer and employee." *Warren* v. *American Car & Foundry Co.,* 327 Mo. 755, 765, 38 S. W. (2d), 718, 721.

It was held in *Bristol Telephone Co.* v. *Weaver,* 146 Tenn., 511, 243 S. W., 299, 302, the act does not, however, "abridge the employee's common-law right of action against a third person whose negligence may be the sole or a contributing cause of his injury." See, also, *Louisville & N. Railroad Co.* v. *Nichols,* 168 Tenn., 672, 80 S. W. (2d), 656, 98 A. L. R., 508, citing *Smith* v. *Van Noye Int. Co.,* 150 Tenn., 25, 262 S. W., 1048, 35 A. L. R., 1409.

We find no reference to the Compensation Act in the pleadings. Neither the plaintiff in her declaration, nor the defendant in the special pleas, makes any affirmative statement that the act does or does not apply. We have uniformly held that in all suits at common law by an employee against the employer to recover damages for personal injuries, where the defendant by special plea claims the benefit of the Compensation Act and sustains such plea by competent testimony, the rights

of the parties are controlled exclusively by the act. *Louisville & N. Railroad Co.* v. *Nichols,* 168 Tenn., 672, 80 S. W. (2d), 656, 98 A. L. R., 508, and cases there cited. In all other jurisdictions where the act is similar to ours, providing an exclusive remedy, and it is interposed as a defense, the decisions are in accord with ours. There is a diversity of opinion where the employee sues under the common law and fails to allege that the parties have not accepted the provisions of the act, or the employer fails to rely upon it as an affirmative defense.

The object and purpose of any pleading is to give notice of the nature of the wrongs and injuries complained of with reasonable certainty, and notice of the defenses that will be interposed, and to acquaint the court with the real issues to be tried. Section 8729 of the Code provides:

"Sufficient pleading.—Any pleading possessing the following requisites is sufficient:

"(1) When it conveys a reasonable certainty of meaning;

"(2) When, by a fair and natural construction, it shows a substantial cause of action or defense."

The defendant may plead in either of two modes —that is, the form used under the common law, or may plead a general denial and give notice of his real defense. *Nashville, etc., R. Co.* v. *Conk,* 58 Tenn. (11 Heisk.), 575. Under Code, section 8767, the defendant may on motion of the plaintiff be ordered to plead specially his defenses "in which case he shall state the facts relied on, truly, and briefly as may be, and *no matter of defense not pleaded shall be shown in evidence,*" etc. (Italics ours.) These statutes were enacted to simplify the issues and to prevent long, tedious, and expensive litigation to litigants, as well as save public

time and expense. The court is ever anxious to know what the real issues are. They should never be left in doubt. We have held in numerous decisions that a defendant may file as many pleas as he has defenses. In every case of employment the common law creates general liability, the employer being made to respond in damages for injuries suffered through his negligence. The Workmen's Compensation Law creates exceptions. It exempts employers from liability as regards certain employments and for injuries arising under certain conditions. Where the relationship of master and servant is shown to exist, the contract of employment is governed by rules of the common law except where modified or abrogated by statute. Where the employee sues the employer, invoking common-law liability, we hold that the exception with respect to such liability can never be regarded as an element of the plaintiff's cause of action; it is a matter of defense and must be specially pleaded. *Warren* v. *American Car & Foundry Co.*, 327 Mo., 755, 764, 38 S. W. (2d), 718. In 34 C. J., page 41, section 169, the following applicable rule is stated, which in our opinion is supported by the weight of authority:

"Generally speaking, a judgment will not be arrested on account of any matter which the defendant might have pleaded and relied on as a defense to the action, whether by plea in bar, or in abatement, except such as go to the jurisdiction."

The question before us was considered and decided in *Kemper* v. *Gluck*, 327 Mo. 733, 39 S. W. (2d), 330. The plaintiff had sued her employer for damages for personal injuries and the defendant interposed his common law defenses. The Court of Appeals of Missouri, 21 S. W. (2d), 922, held that upon the facts stated in the petition the plaintiff as employee and the defendant as employer

were controlled by the provisions of the Compensation Law; that the case stated was one exclusively within the jurisdiction of the compensation commission. The Supreme Court, reviewing and reversing the decision of the lower court, held as follows (we quote from the syllabus):

"Where an action is at common law and invokes common-law liability only, an exception to such liability created by statute is not an element of the cause of action, and the petition does not fail to state a cause of action because it does not state facts showing that such exception does not apply to and govern the case. Such a statutory exception is a matter of defense to the common-law action, and to be available must be affirmatively pleaded." Citing *Warren* v. *American Car & Foundry Co., supra*; *Gorrell* v. *Battelle,* 93 Kan., 370, 144 P., 244, and other cases.

The Missouri Compensation Law, Section 2, Mo. R. S. A., section 3690, contains the following provisions:

"Every employer and every employee, except as in this act otherwise provided, shall be conclusively presumed to have elected to accept the provisions of this act, and respectively to furnish and accept compensation as herein provided, unless prior to the accident he shall have filed with the commission a written notice that he elects to reject this act."

In *Jirout* v. *Gebelein,* 142 Md., 692, 121 A., 831, 832, the Supreme Court of Maryland, discussing the proper mode of making defense where the employer specially pleaded the Compensation Act to a common-law right of action, says:

"The court is of the opinion that the question should be raised by special plea in bar *in order to give notice to the plaintiff that the statute is relied on as a defense.*" (Italics ours.) Citing *Solvuca* v. *Ryan & R. Co.,* 131 Md.,

265, 284, 101 A., 710. In the foregoing case the court points out the reason for pleading the act as an affirmative defense, while in *Gorrell* v. *Battelle, supra,* the court holds that it is *necessary* to plead the provisions of the act as an affirmative defense. See, also, *Nadeau* v. *Caribou Water, Light & Power Co.,* 118 Me., 325, 331, 108 A., 190, 193, wherein it was said: "He need not allege the employer to be non-assentive [referring to the provisions of the compensation act]. As above stated, an assenting employer, who desires to avail himself of his exemption, must plead and prove that he is entitled to such exemption."

The Workmen's Compensation Law fails to make provision for all injuries. There are any number that are not compensable. Where an employee suffers an injury that is not covered by the act, he may have his action at law for damages. He cannot be deprived of the right to pursue his lawful remedy because of a mistaken view of the proper remedy. *Hudgins* v. *Nashville Bridge Co.,* 172 Tenn., 580, 113 S. W. (2d), 738. One of the contentions in the instant case is that the injury complained of is non-compensable. The defendant in the court below treated it as such until a motion for a new trial had been overruled, and then for the first time insisted that the act applied. The act confers certain benefits upon both the employee and the employer, conditioned upon acceptance, and deprives each of certain common-law rights. Where a common-law right of action is brought, the defendant, if he claims the benefits of the Compensation Act, should plead it as notice to his adversary as well as the court who is asked to decide the question. He should not be permitted to interpose his common-law defenses, in the hope of defeating the em-

ployee entirely, and, having failed, try to avail himself of benefits under the act.

In discussing the reason for requiring a defendant to plead the Statute of Frauds specially to a suit based upon contract, Mr. Justice WILKES, in *Citty* v. *Manufacturing Co.,* 93 Tenn., 276, 280, 24 S. W., 121, 122, 42 Am. St. Rep., 919, says:

''To allow the defendant to proceed with his defense, and speculate upon his chances of a successful opposition, until a large bill of costs has accumulated, and then, when he finds the chances against him, to permit him to interpose the statute, would be an unreasonable advantage to him at the expense of the plaintiff. If the contract is voidable under the statute, and the defendant intends to rely upon that fact and avoid it, *it is but just that he should so notify the plaintiff, to the end that the litigation may end.''* (Italics ours.)

It must be noted that defendant in the instant case did not seek the benefits of the act by motion in arrest, until the Statute of Limitations had run against plaintiff's right to claim such statutory benefits. This is too devious and uncertain a path to travel in an earnest and sincere effort to find the end of the law.

The action of the trial judge in sustaining the motion in arrest of judgment as to The Vogue, Inc., is held to be reversible error. His action in overruling the motion as to O. T. Draewell is sustained.