IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 30, 2014 Session

## JAMES MICHAEL ADLER ET AL. v. CITY OF JOHNSON CITY ET AL.

**Appeal from the Circuit Court for Washington County**
**No. 23764     Walter C. Kurtz, Senior Judge[1]**

---

**No. E2013-01309-COA-R3-CV-FILED-APRIL 27, 2015**

---

James Michael Adler and Kim Kidner Adler[2] filed this action against Johnson City and Purofirst of Tri-Cities, LLC, alleging damage from sewage that backed up and entered their basement.  Later, they filed another complaint alleging that their attorneys in the sewage case were guilty of malpractice.  In the sewage case, the trial court dismissed the defendant Purofirst with prejudice as a sanction for the Adlers' repeated failure to comply with the court's discovery orders.  The Adlers did not attempt to amend their malpractice complaint to include a claim based on Purofirst's dismissal until almost six years after the dismissal of Purofirst.  Their motion to amend was filed on July 2, 2012, in violation of the trial court's scheduling order, which provided that "[n]o amendments shall be allowed after May 15, 2012."  The trial court denied the Adlers' motion to amend.  The trial court also refused to allow the Adlers to bring Purofirst back into the sewage litigation.  It did so despite the fact that another defendant had recently alleged the comparative fault of Purofirst.  This latter action of the trial court was taken in an order entered pursuant to Tenn. R. Civ. P. 54.02.  We hold that the Adlers did not timely appeal this order.  We further hold that the trial court did not abuse its discretion in denying the Adlers' motion to amend their malpractice action.  The trial court's judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Circuit Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

---

[1] Sitting by designation.

[2] At the time they filed their complaint, Michael Adler and Kim Kidner were engaged and living together in his house.  At some time during the twelve-year pendency of this case, they were married.  We will refer to them collectively in this opinion as "the Adlers."

Jeffrey A. Cobble, Greeneville, Tennessee, for the appellants, James Michael Adler and Kim Kidner Adler.

K. Erickson Herrin, Johnson City, Tennessee, for the appellee, City of Johnson City.

Suzanne S. Cook, Johnson City, Tennessee, for the appellee, Rick Leslie dba ABC Plumbing.

Gregory S. McMillan and Preston A. Hawkins, Knoxville, Tennessee, for the appellee, Purofirst of Tri-Cities, LLC.

William T. Wray, Jr., Kingsport, Tennessee, for the appellee, T. Martin Browder, Jr.

R. Wayne Culbertson, Kingsport, Tennessee, for the appellee, George Todd East.

## OPINION

### I.

In September of 2003, sewage backed up into the basement of the Adlers' house, causing property damage and contamination. On August 27, 2004, the Adlers, represented by attorneys George Todd East[3] and T. Martin Browder, Jr., filed their complaint, alleging that Johnson City was responsible for the back-up. The Adlers further alleged that they hired defendant Purofirst to clean up the sewage mess, and that, "in the process of performing its work, Purofirst negligently caused additional damage[ ] by operating the central heating and air conditioning system which resulted in further contamination of the entire home."

On April 27, 2005, Johnson City filed a motion to dismiss the complaint based on two grounds, (1) failure to validly serve process upon it and (2) the statute of limitations. One day earlier, on August 26, 2005, the Adlers filed a separate legal malpractice action against East and Browder ("the attorney defendants"), alleging that neither attorney took "any official action" on their sewage contamination case for a period of eight months,

---

[3] The parties do not agree on the scope and extent of East's representation. Michael Adler and East executed a contract for East's legal representation, but Browder is the one who entered an appearance and signed the documents filed on behalf of the Adlers in the sewage contamination case. It thus appears that East's involvement was limited, but he did not present this as a defense to the malpractice claim. The precise scope and extent of East's involvement and representation, however, is not material to the issues raised on, or the disposition of, this appeal.

2

and that both attorneys failed to communicate with Michael Adler during this eight-month period despite his numerous attempts to reach them. The Adlers were represented by Jeffrey A. Cobble in the malpractice action. In that action, it was alleged that the amount of damages "is not fully known at this time, but it is sure to be extensive, in that the initial [sewage contamination] case may be dismissed due to the negligence of" the defendant attorneys.

On January 11, 2006, the trial court denied Johnson City's motion to dismiss. In an unusual twist, attorney Browder, who had been sued by the Adlers for legal malpractice, continued, with the Adlers' consent, to represent them in the sewage contamination case. On February 13, 2006, Purofirst filed its first motion to compel discovery. The next day, the trial court entered an order requiring the Adlers to respond within twenty days to Purofirst's interrogatories and requests for production of documents. On May 30, 2006, the trial court granted Purofirst's second motion to compel discovery, again giving the Adlers twenty days to answer. On July 18, 2006, Purofirst filed a motion to dismiss the complaint as to it, based on the Adlers' repeated failure to comply with the trial court's discovery orders. On July 25, 2006, the trial court entered an order dismissing Purofirst with prejudice. On August 28, 2006, the Adlers filed a motion to set aside or vacate the order dismissing their suit against Purofirst. On January 28, 2008, the trial court entered an order denying the motion to set aside.

Johnson City filed an answer on December 10, 2008, alleging, among other things, the comparative fault of ABC Plumbing, a company allegedly hired by the Adlers. The Adlers then filed a motion to amend their complaint to add Rick Leslie dba ABC Plumbing as a defendant, which motion the trial court granted. On February 27, 2009, Leslie filed an answer, alleging, among other things, the comparative fault of Purofirst. The Adlers responded on May 18, 2009, by filing a motion to amend their complaint to add Purofirst as a defendant pursuant to Tenn. Code Ann. § 20-1-119 (2009). Purofirst filed a motion to dismiss. On August 17, 2010, the trial court granted the Purofirst motion, finding that "the previous dismissal of Purofirst . . . was with prejudice and therefore on the merits under Rules 37 and 41 of the Tennessee Rules of Civil Procedure." The trial court held that Purofirst "shall be placed on the jury verdict form as a comparatively at fault tortfeasor against whom the jury may assess fault." The Court, however, further held that no damages could be awarded against non-party Purofirst. The trial court's order provides that "[t]his Order shall be final pursuant to T.R.C.P. 54.02 as to Purofirst of Tri Cities, LLC, [and] the Court expressly directs entry of this Order as final, there being no just reason for delay." The Adlers did not appeal this latter judgment until they filed their notice of appeal in this case on May 31, 2013, more than two years after the Rule 54.02 order was entered.

On February 1, 2012, the Adlers moved to consolidate the sewage contamination and attorney malpractice cases. The trial court granted the motion. On March 26, 2012, the trial court entered a scheduling order providing that "[a]ny motion to amend pleadings shall be filed by May 15, 2012, and responses to any such motion shall be filed by May 22, 2012 . . . No amendments shall be allowed after May 15, 2012." On June 4, 2012, attorneys East and Browder each filed a motion for summary judgment in the attorney malpractice case. On July 2, 2012, the Adlers filed a motion to amend their malpractice complaint "to add a claim for damages against each attorney-defendant due to the effects of the dismissal of Purofirst from the initial sewage contamination case." The trial court denied the motion as untimely under its scheduling order and barred by the statute of limitations. The trial court granted the attorney defendants summary judgment in an order entered July 23, 2012.

The jury trial of the sewage contamination case took place on March 4 through 7, 2013. The jury found that the Adlers incurred $65,000 in damages from the sewage contamination. Regarding the comparative fault of the defendants and Purofirst, the jury assessed Johnson City 88% at fault, Purofirst 12% at fault, and zero fault on the part of the plumber Rick Leslie. The trial court entered judgment in accordance with the jury verdict. As previously noted, the Adlers filed a notice of appeal on May 31, 2013.

II.

As can be seen from the above, the procedural history of this case is long and convoluted. The Adlers seek to raise three issues. One of these issues – the one pertaining to the trial court's decision denying the Adlers' attempt to bring Purofirst back into the litigation – must first overcome the finality concept embedded in Tenn. R. Civ. P. 54.02. Therefore, that issue is properly stated as follows:

> Can the Adlers now appeal the trial court's order of August 17, 2010, denying their attempt to bring Purofirst back into this litigation, which order was entered pursuant to the provisions of Tenn. R. Civ. P. 54.02 and which order was not appealed within thirty days of its entry?

As to the other issues pertaining to the grant of summary judgment to the attorney defendants, the sole issue is as follows:

> Did the trial court err in granting the attorney defendants summary judgment, said judgment being based upon the fact that the Adlers never properly pled as a basis for the

4

malpractice suit the attorneys' conduct which led to the dismissal by the trial court of the suit against Purofirst?

These issues involve conclusions of law by the trial court, which we review de novo. *Lambdin v. Goodyear Tire & Rubber Co.*, 2015 WL 369349 at *5 (Tenn. filed Jan. 29, 2015) ("on questions of law, our standard of review is de novo with no presumption of correctness").

## III.

### A.

The Adlers argue that the trial court should have allowed them to amend their complaint to add Purofirst as a defendant after Leslie named it as a comparative fault tortfeasor. They take this position notwithstanding the trial court's dismissal of Purofirst with prejudice by order entered July 25, 2006. In support of their argument, the Adlers cite Tenn. Code Ann. § 20-1-119, which provides in pertinent part as follows:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:
>
> (1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or
>
> (2) Institute a separate action against that person by filing a summons and complaint.

The trial court's order denying the Adlers' attempt to bring Purofirst back into this litigation was entered on August 17, 2010, and states:

5

the previous dismissal of Purofirst of Tri-Cities, LLC was with prejudice and therefore on the merits under Rules 37 and 41 of the Tennessee Rules of Civil Procedure.

The Court finds that, following its initial dismissal from the case in 2006, Purofirst . . . was named as a potentially comparative at fault entity pursuant to T.C.A. § 20-1-119.

Having determined that Purofirst . . . was named as a comparatively at fault tortfeasor subsequent to it having been dismissed with prejudice, the Court now holds that Purofirst . . . shall be placed on the jury verdict form as a comparatively at fault tortfeasor against whom the jury may assess fault. The Court further holds that no damages may be assessed against Purofirst of Tri Cities, LLC.

\*　　\*　　\*

*This Order shall be final pursuant to T.R.C.P. 54.02 as to Purofirst of Tri Cities, LLC, [and] the Court expressly directs entry of this Order as final, there being no just reason for delay.*

(Emphasis added; numbering in original omitted.)

As can be seen, the trial court's order denying the Adlers' attempt to bring Purofirst back into this litigation – said attempt being based upon the provisions of Tenn. Code Ann. § 20-1-119 – was entered on August 17, 2010. It was designated by the trial court as "final pursuant to T.R.C.P. 54.02." Under Tenn. R. App. P. 3(a), "[i]n civil actions every final judgment entered by a trial court from which an appeal lies to the . . . Court of Appeals is appealable as of right." Under Tenn. R. App. 4(a), "[i]n an appeal as of right to the . . . Court of Appeals . . . the notice of appeal required by Rule 3 shall be filed . . . within 30 days after the date of entry of judgment appealed from[.]" The Adlers' notice of appeal was filed on May 31, 2013, almost three years after the August 17, 2010 Rule 54.02 order of the trial court. The notice of appeal was not timely; it should have been filed within thirty days of August 17, 2010. *See, e.g., **Ball v. McDowell***, 288 S.W.3d 833, 836 (Tenn. 2009) ("The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal. . . .[I]f the notice of appeal is untimely, the Court of Appeals lacks subject matter

6

jurisdiction over the appeal."). We do not have jurisdiction to reach the Adlers' issue with respect to the trial court's order of August 17, 2010. Accordingly, this issue is found adverse to the Adlers.

B.

The Adlers argue that the trial court erred in granting the attorney defendants summary judgment in the malpractice case. Their legal malpractice action was filed on August 26, 2005. Their complaint alleges as follows in pertinent part:

> Despite their knowledge of [the Adlers'] costs and conditions, neither East nor Browder took any official action on the case until August of 2004, a period of over eight (8) months.
>
> During the eight (8) month period, Adler would call both East and Browder at least weekly, but neither of them was available to take the call and Adler would leave a message.
>
> Neither East nor Browder would return any of the calls.
>
> As the statute of limitations neared, Adler would call East and Browder almost daily and no one would return his calls.
>
> *     *     *
>
> On April 28, 2005, Johnson City filed a Motion to Dismiss which rested primarily upon the fact that faulty service of process rendered the filing of the Complaint and Amended Complaint "ineffective" and that the claims were then time-barred.
>
> *     *     *
>
> [B]oth East and Browder have a duty to [the Adlers], . . . both have breached that duty, and . . . regardless of how the Motion to Dismiss is resolved, the actions of East and Browder have caused [the Adlers] to suffer delay, financial loss, spoliation of evidence, and have perhaps irreversibly prejudiced the case against Johnson City and Purofirst.

7

Regardless of the amount, if any, that can still be recovered from Johnson City and Purofirst, [the Adlers] have been inalterably injured and damaged by the conduct and inaction of Browder and East.

* * *

Both Defendants breached the contract with Adler and were negligent in that they had a duty to complete service of the Complaint and Summons in a timely manner consistent with the Tennessee Rules of Civil Procedure, and said duty was breached, said breach being a proximate cause of Plaintiff's damages.

* * *

The described conduct and inactivity, plus additional unnamed and unidentified conduct and inactivity, rise to the level of breach of contract, legal negligence, and legal malpractice.

* * *

The amount of damages attributable to Defendant[s] is not fully known at this time, but it is sure to be extensive, in that the initial case may be dismissed due to the negligence of Defendants.

(Numbering in original omitted.)

The attorney defendants each moved for summary judgment on June 4, 2012. Despite the trial court's scheduling order establishing a deadline of May 15, 2012 for the parties to file motions to amend, the Adlers filed their motion to amend the malpractice complaint on July 2, 2012. The motion to amend stated, "as a protective measure, Plaintiffs seek permission to add a claim for damages against each attorney-defendant due to the effects of the dismissal of Purofirst from the initial sewage contamination case."

The trial court entered two orders on July 23, 2012. The first granted summary judgment to the attorney defendants, stating in pertinent part:

The plaintiffs' present counsel explained at oral argument that the malpractice case was filed in 2005 because the plaintiffs

feared that E[ast] and Browder's negligence might result in the dismissal of the sewage damage case.

* * *

Looking at the malpractice complaint of August 2005 is instructi[ve].

A. The summons. The fear that the summons would not be served did not come to fruition. The defendants were served.

B. At the time the August 26, 2005 complaint was filed Adler was concerned that a pending motion to dismiss would be granted. Again, this fear expressed in paragraph 45-48 of the complaint never came to fruition.

C. Delay. The 2005 Complaint alleges delay attributable to East and Browder. However, Browder and East have been out of the sewage case for five (5) years and still this case has not gone to trial. There is no contention that a 2004/2005 trial date was feasible given the procedural history of this case. The plaintiffs do not point out what East and Browder could have done in 2004 to get them instant relief for the damage they suffered in September 2003. The City and the other defendants would not agree that they were at fault.

D. Bar problems. The complaint alleges that Browder was having "problems" with his license. The record does not indicate how this damages Adler and his now wife.

E. Lack of communication. The failure of East and Browder to communicate with their clients is inexcusable. Browder, by his own admission[,] violated [Rule of Professional Conduct] 1.4 and if the allegations in the Complaint are true[,] so did East. The failure to communicate[,] however[,] does not equate to prejudice to the sewage damage claim still pending.

* * *

9

The Court finds it incumbent to address the dismissal of Defendant Purofirst . . . . Purofirst was dismissed from this lawsuit in July 2006 as a result of Mr. Browder's inaction. *This oversight by Browder, however, was never properly pled. It is not part of this lawsuit.* The attempt to bring it in at this late date is denied by an order contemporaneously entered denying the plaintiff's motion to amend.

The Court must conclude based on the record before it that the filing of the malpractice case was a prophylactic measure and that none of the deficiencies alleged in that 2005 complaint have had any effect on the sewage damage case. Put another way, the catastrophe predicted in the August 2005 complaint never materialized. The conduct of East and Browder in 2004/2005 was not commendable, but it does not rise to the level of supporting a viable cause of action for legal malpractice as set forth in the August 26, 2005 complaint.

(Footnote omitted; emphasis added.)

As can be seen from the above, the gist of the trial court's ruling is that the Adlers filed the malpractice action as a protective measure to avoid the potential effect of the running of the one-year statute of limitations *in the event that* they were damaged by the alleged failure to serve process and the potential resulting dismissal of the sewage contamination case. As the trial court noted, however, the case was *not* dismissed, and thus, under the undisputed material facts, the Adlers could not have proven any damages as a result of the acts of malpractice alleged in the complaint. On appeal, the Adlers do not challenge this aspect of the trial court's ruling. They do argue that the court erred in holding that the "oversight" of Browder in allowing Purofirst to be dismissed as a discovery violation sanction – which happened almost a year after the filing of the malpractice complaint – "was never properly pled" and "is not a part of this lawsuit."

The trial court's second order entered on July 23, 2012 denied the Adlers' motion to amend the malpractice complaint. It states:

The motion is untimely pursuant to the scheduling order. *See* Order of March 23, 2012. All motions to amend were to be filed by May 15, 2012.

\*　　\*　　\*

10

The attempt by amendment to add the "dismissal of Purofirst" is also barred by [the] statute of limitations. The complaint was filed on August 27, 2005, and alleged legal malpractice committed as of the date of the filing. The dismissal of Purofirst took place on July 25, 2006. It obviously involved conduct of Browder not contained in the 2005 Complaint. It was an alleged separate incident of legal malpractice. It could not then relate back pursuant to T. R. Civ. Pro. 15.03.

The Adlers assert that their complaint should be broadly construed to have alleged not only the facts pleaded, but also to encompass *future* claims that *might* arise after the complaint. At the hearing on this motion, the trial court summarized it this way:

MR. COBBLE (attorney for Adlers): We filed within that year and we alleged not only all current actions but we alleged actions that could occur in the future.

\*　　\*　　\*

THE COURT: . . . I must say, Mr. Cobble, this a new one on me and I've been up here for 30 years. Yeah, I've seen plaintiff complaints that try to bring in, you know, damages that may not be foreseeable because of future events but the dismissal of Purofirst was . . . an event that took place subsequent to the filing of the legal malpractice claim. That's a little bit different. You don't file a – I haven't seen a complaint that says, "Mr. Defendant, you committed a tort and I'm suing you for that tort and, furthermore, I'm suing you for any tort you might commit in the future." I – that's – now, that's a new one on me.

On appeal, the Adlers cite no authority supporting their proposition that a complaint can fairly be construed to include possible future claims that might happen but have not yet occurred. The one decision they cite, ***Webb v. Nashville Area Habitat for Humanity, Inc.***, 346 S.W.3d 422, 426-27 (Tenn. 2011), states in pertinent part as follows:

Under Tennessee Rule of Civil Procedure 8, Tennessee follows a liberal notice pleading standard, *see* ***Leach*** [***v. Taylor***], 124 S.W.3d [87,] 92–93 [(Tenn. 2004)], which

11

recognizes that the primary purpose of pleadings is to provide notice of the issues presented to the opposing party and court. ***Abshure v. Methodist Healthcare–Memphis Hosps.***, 325 S.W.3d 98, 103 (Tenn. 2010); *see also* Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 5–4(a) (3d ed. 2009) ("The essential function of the pleadings is simply to give notice of a claim or defense. History, as Professors Wright and Miller point out, has shown that the pleadings cannot successfully do more.") (footnotes omitted). Our state's notice pleading regime is firmly established and longstanding; this Court recognized well before the Tennessee Rules of Civil Procedure were adopted that *"[t]he object and purpose of any pleading is to give notice of the nature of the wrongs and injuries complained of with reasonable certainty*, and notice of the defenses that will be interposed, and to acquaint the court with the real issues to be tried." ***Hammett v. Vogue, Inc.***, 179 Tenn. 284, 165 S.W.2d 577, 579 (1942).

To be sufficient and survive a motion to dismiss, a complaint must not be entirely devoid of factual allegations. Tennessee courts have long interpreted Tennessee Rule of Civil Procedure 8.01 to require a plaintiff to state " 'the facts upon which a claim for relief is founded.' " ***Smith v. Lincoln Brass Works, Inc***., 712 S.W.2d 470, 471 (Tenn. 1986) (quoting ***W & O Constr. Co. v. City of Smithville***, 557 S.W.2d 920, 922 (Tenn. 1977)). A complaint "need not contain detailed allegations of all the facts giving rise to the claim," *but it "must contain sufficient factual allegations to articulate a claim for relief."* ***Abshure***, 325 S.W.3d at 103–04. *"The facts pleaded, and the inferences reasonably drawn from these facts, must raise the pleader's right to relief beyond the speculative level."* ***Id***. at 104. Thus, as we observed in ***Leach***,

> "While a complaint in a tort action need not contain in minute detail the facts that give rise to the claim, it must contain direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested . . . by the

12

pleader, or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial."

(Emphasis added.) Applying these principles from the Supreme Court's landmark *Webb* decision, we hold that the trial court correctly concluded that the complaint did not state a claim for "future" acts of alleged malpractice that had not yet happened. The allegation of the Adlers' complaint, upon which they now rely, stating that "[t]he described conduct and inactivity, plus additional unnamed and unidentified conduct and inactivity, rise to the level of breach of contract, legal negligence, and legal malpractice," is insufficient to "give notice of the nature of the wrongs and injuries complained of with reasonable certainty." *Webb*, 346 S.W.3d at 427. Neither does it "raise the pleader's right to relief beyond the speculative level." *Id.*

Furthermore, the Adlers had an abundance of time and opportunity to amend their complaint to include a claim based on the dismissal of defendant Purofirst, and failed to timely do so, as the trial court correctly held. The injury occurred on July 25, 2006, when the trial court entered its order dismissing Purofirst with prejudice. Any doubt of the injury was removed on January 28, 2008, when the court denied the Adlers' motion to set aside that order. The trial court's scheduling order, entered over four years later, clearly provided the Adlers notice that "[a]ny motion to amend pleadings [must] be filed by May 15, 2012," and that "[n]o amendments shall be allowed after May 15, 2012." Despite all this, the Adlers waited until July 2, 2012 – almost six years after their alleged injury – to file their motion to amend, an amendment clearly barred by the statute of limitations. "[T]he trial court has the discretion to grant or deny a motion to amend, and this court will reverse the decision only for an abuse of discretion." *Freeman Indus., LLC v. Eastman Chemical Co.*, 227 S.W.3d 561, 565 (Tenn. Ct. App. 2006). Given the timeframe of events as discussed above, the trial court was well within its discretion to deny the Adlers' motion to amend, and we find no abuse of that discretion.

IV.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the appellants, James Michael Adler and Kim Kidner Adler. The case is remanded for enforcement of the trial court's judgment and collection of costs assessed below, all pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE

13