IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 1, 2020

## JEFFREY SCOTT WIDBY v. THE CITY OF EAST RIDGE, TN, ET AL.

**Appeal from the Circuit Court for Hamilton County**
**No. 19C265  W. Jeffrey Hollingsworth, Judge**

FILED

JUN 9 2020

Clerk of the Appellate Courts
Rec'd by_____

**No. E2019-01282-COA-R3-CV**

Pro se appellant appeals the trial court's dismissal of the complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6).  We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Jeffrey Scott Widby, East Ridge, Tennessee, Pro Se.

Philip Aaron Wells and Keith H. Grant, Chattanooga, Tennessee, for the appellees, The City of East Ridge, Tennessee, Kenny Custer, Terrie Robertson, and Charlie Ritchie.

## OPINION

### I.     BACKGROUND

On February 25, 2019, Appellant Jeffrey Scott Widby ("Plaintiff") filed a complaint against the City of East Ridge and three individuals whom he alleged are the City's employees ("Defendants").  Soon after, Plaintiff moved for a restraining order against the Defendants.  On March 25, 2019, the Defendants moved to dismiss the complaint, pursuant to Tennessee Rule of Civil Procedure 12.02(6).

On March 27, 2019, Plaintiff filed a motion for summary judgment because "The Defendants failed to respond [to the complaint] in any manner" within thirty days.  The case was reassigned to another judge.  Plaintiff filed another motion for a restraining order

and responded to Defendants' motion to dismiss on April 29, 2019. Defendants responded to Plaintiff's motion for summary judgment, arguing that it was due to be denied because they complied with the Tennessee Rules of Civil Procedure by filing their motion to dismiss within thirty days of the filing of the complaint. The trial court held a hearing on May 13, 2019, and ordered Plaintiff to file a motion to amend the complaint within ten days of the hearing. The court held Plaintiff's motion for summary judgment in abeyance.

Plaintiff filed a "Motion to Ammend [sic]" with supporting exhibits on May 21, 2019, and the trial court construed this filing as an amended complaint. Based on the exhibits, it appears that Plaintiff's allegations against Defendants stem from his interactions with the City of East Ridge Division of Building/Codes and the City of East Ridge Housing Commission. One exhibit to the amended complaint is a January 24, 2019 Notice to Repair, Clean-Up, or Demolish issued to Terry Poss c/o Ida Lee Poss, the owner of a single-family home located at 5325 Rose Street. The notice lists the following "deficiencies under the City/Housing Code of East Ridge," as observed on the property by a building inspector: "Walls out of plumb; improperly distributed loads on floors and roof; Damage from wind or other causes; accumulation of dirt, filth, rubbish, refuse, and garbage; buildings need painting; building is a fire hazard." Another exhibit to the amended complaint shows that Plaintiff is the occupant, but not the owner, of the Rose Street residence. Another exhibit demonstrates that, on February 14, 2019, owner Terry Poss appealed the findings listed in the notice, characterizing them as a "power hungry grab at attention" by Defendants Custer, Ritchie, and Robertson. The appeal was heard by the City of East Ridge Housing Commission on March 11, 2019. The Housing Commission noted that "the property has a history of noncompliance and code violations, including rotted exterior siding, neglected outbuildings, excessive debris and missing/damaged shingles." The Housing Commission ordered an inspection of the interior of the residence. In his amended complaint, Plaintiff states that "[b]ased on 'fear' Mr. Terry Poss the owner agreed to let Mr. Michael Howell, the Chief Building Inspector for the City of East Ridge access to the residence." The amended complaint includes a letter to Terry Poss from Michael Howell memorializing that he inspected the Rose Street property on April 16, 2019, in Terry Poss' presence, and that he observed water damage to sheetrock and insulation in two areas, plus damage to a bathroom sub-floor and floor joists due to leaking bathroom fixtures. On May 13, 2019, the City of East Ridge Housing Commission closed the case and dismissed it in its entirety with no penalty assessed.

By order entered June 20, 2019, the trial court found that Plaintiff does not own the property that the City of East Ridge inspected; that the owner, Terry Poss, is not a party to this lawsuit; and that the City of East Ridge took no action and dismissed the case. Accordingly, the trial court granted Defendants' motion to dismiss, holding that "the factual allegations, as well as they can be discerned, do not state any action by the City of East Ridge or its employees or agents that would entitle [Plaintiff] to any relief." This appeal followed.

## II. STANDARD OF REVIEW

Regarding a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss, our Supreme Court has instructed as follows:

> A motion to dismiss a complaint for failure to state a claim for which relief may be granted tests the legal sufficiency of the plaintiff's complaint. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011); *cf. Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002). The motion requires the court to review the complaint alone. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), or when the complaint is totally lacking in clarity and specificity, *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (citing *Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)).

> A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010); *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 894; *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d at 426; Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 5–6(g), at 5–111 (3d ed. 2009). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 895; *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012).

## III. DISCUSSION

Plaintiff's brief fails to conform to Tennessee Rule of Appellate Procedure 27. Defendants submit that, for this reason, Plaintiff has waived appellate review. In *Young v. Barrow*, this court stated:

- 3 -

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (citations omitted).

Although we are mindful of his pro se status, our review of this case is somewhat hindered by Plaintiff's failure to comply with Tennessee Rule of Appellate Procedure 27 which instructs that the appellant's brief "shall contain:"

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

. . .

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

- 4 -

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

Plaintiff's brief does not comply with Rule 27 in any meaningful way. The brief lacks a table of contents, statement of the issues, statement of the case, and statement of facts. In a separate Addendum, Plaintiff lists, without explanation, two citations to the United States Code and three citations to the Tennessee Code Annotated, none of which appear in the operative amended complaint. Plaintiff seeks two forms of relief: (1) a jury trial; and (2) a "WRIT OF MANDAMUS to order the Judge to do his job and utilize his court to protect the citizens from over reaching, over zealous [sic] and dangerous Government entities in their encounters with citizens and to stop breaking the laws they are to utilize to serve and protect." In his filings on appeal, Plaintiff presents what fairly can be described as a diatribe, mostly concerning matters not pleaded in the amended complaint, and invites us to guess at what assignments of error he wishes to raise and where those may be found in the record.[1] However, we may only consider the issues that are properly raised, argued, and supported with relevant authority. *See Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("[F]or an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position . . . ."); *see also* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review.").

Furthermore, by not providing any citations to the record, Plaintiff has failed to comply with Rule 6 of the Tennessee Court of Appeals which states in part:

(b) No complaint of or reliance upon action by the trial court will be

---

[1] For example, Plaintiff's brief states, apropos of nothing, "The City of East Ridge is known for fraud, for doctoring records, for perjuring themselves, even their own Police Chief . . . is now suing the City of East Ridge and they are under investigation by the T.B.I. for their actions with [a city councilman and another individual] that are known to have doctored the city's towing and wrecker service ordinance in order to create a monopoly." Plaintiff repeatedly accuses named and unnamed parties to this litigation of lying and asks this court, "what in Gods [sic] name do the courts even exist for?" and whether it will "become necessary to defend our homes with arms."

considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(b). This court is "under no duty to blindly search the record to find . . . evidence," nor can Plaintiff shift this burden to us. *See Pearman v. Pearman*, 781 S.W.2d 585, 588 (Tenn. Ct. App. 1989). Failure to comply with the Rules of Appellate Procedure and the Rules of the Tennessee Court of Appeals constitutes a waiver of the issues raised by Plaintiff. *See Wright v. Wright*, No. E2009-01932-COA-R3-CV, 2011 WL 2569758 (Tenn. Ct. App. June 30, 2011); *Bean v. Bean*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000).

Plaintiff's brief falls quite short of meeting Rule 27's and Rule 6's requirements, so any issues he may have attempted to raise on appeal are subject to waiver, as Defendants contend. Nevertheless, we have fully reviewed the amended complaint[2] and supporting exhibits. We have considered Defendants' arguments and Plaintiff's arguments, as best as they can be understood. At the outset, we note that Plaintiff does not own the property at issue in this action. In his response brief, Plaintiff includes a sworn statement by Terry Poss, the property owner. Because this statement was not filed with the amended complaint, we will not consider it. The same goes for Plaintiff's allegation on page two of his brief that the City of East Ridge's "attorney lied to the court as a $525.00 fine has been placed against [Terry Poss'] property." "A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002).

In his amended complaint, Plaintiff alleges that the City of East Ridge "is leaning on their Administrative Hearing Officer and having him issue warrants," but he does not allege that any warrant was actually issued for an inspection of the Rose Street property. In the same paragraph, Plaintiff concedes that the property owner consented to and was present for the inspection, as established by the exhibits to the amended complaint. Plaintiff further alleges that the City of East Ridge Housing Commission Chairman rendered an opinion about Plaintiff's diagnosis of Type I diabetes and, in so doing, "violat[ed] the Americans with Disabilities Act for practicing medicine without a license" under 10 U.S.C. § 1094. Section 1094 relates to members of the armed forces and persons under the Secretary of the Military's jurisdiction. *See* 10 U.S.C. § 1094. Plaintiff has not alleged that he is a member of the armed forces, and we find that the allegations in the amended complaint do not give rise to a claim under the Americans With Disabilities Act.

---

[2] We construe Plaintiff's "Motion to Ammend [sic]" and its supporting exhibits as the operative amended complaint.

The "'object and purpose of any pleading is to give notice of the nature of the wrongs and injuries complained of with reasonable certainty, and notice of the defenses that will be interposed, and to acquaint the court with the real issues to be tried.'" *Webb*, 346 S.W.3d at 427 (quoting *Hammett v. Vogue, Inc.*, 165 S.W.2d 577, 579 (Tenn. 1942)). For a complaint to survive a motion to dismiss, "'[t]he facts pleaded, and the inferences reasonably drawn from these facts, must raise the pleader's right to relief beyond the speculative level.'" *Id.* (quoting *Abshure v. Methodist Healthcare-Memphis Hospitals*, 325 S.W.3d 98, 104 (Tenn. 2010)). Besides the ADA claim, Plaintiff broadly asserts that his rights were violated, but he has not adequately pleaded, with citation to relevant legal authority, where, when, or how specific rights were violated. Thus, we are left to guess what Defendants did, individually or together, or failed to do, that violated Plaintiff's rights or gave rise to an actionable claim. Consequently, pursuant to Tennessee Rule of Civil Procedure 12.02(6), we hold that Plaintiff's amended complaint fails to state a claim upon which relief can be granted. We affirm the trial court's decision to grant Defendants' motion to dismiss this action.

## IV.     CONCLUSION

The judgment of the trial court is affirmed. The case is remanded for such further proceedings as may be necessary and consistent with this Opinion. Costs of the appeal are taxed to the appellant, Jeffrey Scott Widby.

_____
JOHN W. MCCLARTY, JUDGE